Martin C. BUCKLES et al.

v.

MORRISTOWN KAYO COMPANY et al.

Civ. A. No. 980.

United States District Court
E. D. Tennessee, Northeastern Division.

May 10, 1955.

Banks, Street & Banks, Elizabethton, Tenn., for plaintiff.

Cox, Epps, Powell & Weller, Johnson City, Tenn., Miller, Martin, Hitching & Tipton, Chattanooga, Tenn., for defendant.

ROBERT L. TAYLOR, District Judge.

This action was commenced in a state court against resident corporations by two resident plaintiffs, who were later joined by two intervening plaintiffs, to recover overtime wages under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., particularly § 216(b). Defendants removed the case to the United States District Court on the ground that the right asserted by plaintiffs is one arising under a law of the United States. 28 U.S.C. § 1441(b). An additional ground stated is that the District Court has original jurisdiction of the case, it being one within the class, "any court of competent jurisdiction", designated in the Fair Labor Standards Act, 29 U.S. C.A. § 216(b).

Plaintiffs have moved to remand on the ground that the case was not removable for the reason that the Fair Labor Standards Act has "otherwise provided." 29 U.S.C.A. § 216(b). In this section appear the words, "Action to recover such liability may be maintained

in any court of competent jurisdiction * * *."

28 U.S.C. § 1441(a) provides: "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant * * *." Although this exception appears only in subsection (a), it would seem necessarily to apply to subsection (b) as well, the result being that whether the ground is diversity or assertion of a federal right the action is removable, unless a law of Congress otherwise expressly provides.

Although the jurisdictional amount is not present as to each plaintiff, the district court has original jurisdiction notwithstanding. Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285. The Fair Labor Standards Act is one regulating commerce, and the right claimed by the plaintiffs is one arising under a law of the United States. Robertson v. Argus Hosiery Mills, supra.

In the Fair Labor Standards Act, this Court finds no language that can fairly be construed as destroying removability. The words, "may be maintained in any court of competent jurisdiction", remove any objection that might have arisen to exercise of jurisdiction by state courts, the effect being concurrent jurisdiction as between state and federal courts. Those words give to a plaintiff his choice of forum. They do not, however, guarantee that his choice shall remain undisturbed. As the claim he asserts is a federal one, his choice is subject to being upset by the defendant. 28 U.S.C. § 1441(b): The Fair Labor Standards Act does not expressly provide otherwise, as it could have done by declaring that actions commenced in state courts shall not be removed.

See, as a case directly in point and in accord with this Court's views, Asher v. William L. Crow Const. Co., D.C., 118 F.Supp. 495.

Let order be presented overruling motion to remand.