**James CARTER et al., Plaintiffs,**

v.

**HILL & HILL TRUCK LINE, INC.,**
**Defendant.**

**Civ. A. No. 66–H–407.**

United States District Court
S. D. Texas,
Houston Division.

Oct. 12, 1966.

Rafferty, Taylor, Kepner & Associates, James H. Kepner, Houston, Tex., for plaintiffs.

Baker, Botts, Shepherd & Coates, Houston, Tex., V. R. Burch, Jr., J. M. Neel and W. R. D'Armond, Houston, Tex., for defendant.

INGRAHAM, District Judge.

*Memorandum:*

█ Suits under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq., may be commenced in either federal or state courts. State of Missouri ex rel.

St. Louis, Brownsville & Mex. Ry. Co. v. Taylor, 266 U.S. 200, 45 S.Ct. 47, 69 L.Ed. 247 (1924). Plaintiffs brought this action to recover damages under the Act in the 113th District Court of Harris County, Texas, and defendant removed to this court. Plaintiffs now move to remand. The sole question presented is whether a suit filed under the Act in a state court may be removed to a federal court. This court holds that it cannot and will grant the motion to remand.

The federal removal statute, 28 U.S.C.A. § 1441(a), provides that:

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

Because this court has original jurisdiction of the action and is within the proper district and division, removal is proper unless Congress has elsewhere expressly provided otherwise. 29 U.S.C.A. § 216(b) provides that actions under the Act "may be maintained in any court of competent jurisdiction." The question is whether these words constitute an express prohibition of removal.

Prior to 1948, the majority opinion was that Section 216(b) prohibited the removal of cases under the Act. The leading case of Johnson v. Butler Brothers, 162 F.2d 87, 172 A.L.R. 1157 (8 CA 1947), took the position that Section 216(b) gave a plaintiff a choice of a state or federal forum in which to commence a suit under the Act, *and prosecute to its conclusion.* A minority of federal courts took the opposite position.

In 1948, the removal statute was amended to include the words "[e]xcept as otherwise expressly provided by Act of Congress." This amendment has prompted a swing, most courts now holding that Fair Labor cases are removable. A district court in the Eighth Circuit,

for example, held that the 1948 amendment made the Johnson case no longer binding in that circuit and permitted removal. Niswander v. Paul Hardeman, 223 F.Supp. 74 (E.D.Ark.1963). Professor Moore strongly endorses the view that the 1948 amendment resolved all doubt and that such cases are removable. See 1A Moore's Federal Practice 0.167(5) at 962.

■ Neither the Supreme Court nor any Circuit Court of Appeals has considered this question, except for the Johnson case. Since the 1948 amendment, some federal courts have continued to hold cases under the Act not to be removable, with which this court agrees.

The rationale which this court accepts as the better view was well stated by Chief Judge Estes of the Northern District of Texas. Wilkins v. Renault Southwest, Inc., 227 F.Supp. 647 (N.D. Tex.1964). Judge Estes based his decision on three points: (1) a 1958 Senate Report expressing the opinion that Fair Labor cases are not removable; (2) the use of the word "maintain" in Section 216(b); (3) Congress' intent to limit removability by its 1948 amendment to the removal statute.

As the wide split of authorities indicates, there is no clear answer to the question presented in this case. No decision can be free from doubt, and the question has not been resolved by higher authority. This court is most impressed by Judge Estes' third point. Removal adds expense and delay to a plaintiff's attempt to recover. It further congests the already crowded dockets of federal district courts with controversies usually involving well under the $10,000 requirement for diversity jurisdiction (plaintiffs' claim here, for example, is for $4,810.26). The State of Texas, in common with other states, maintains courts of competent jurisdiction well equipped to render justice. So long as the propriety of removal is questionable, no higher court has rendered decision, and no court or litigant has advanced a highly persuasive case that Congress intended these cases to be removable, this court will not accept removal jurisdiction.

The motion to remand will be granted. The clerk will notify counsel to draft and submit appropriate order.

APPENDIX TO
JAMES CARTER, ET AL. V. HILL &
HILL TRUCK LINE, INC.
CIVIL ACTION 66–H–407,
HOUSTON DIVISION

The American Law Institute
Study of the Division of Jurisdiction
between State and Federal Courts
Tentative Draft No. 4—April 25, 1966

§ 1312 (pp. 7–9)

(d) The following civil actions shall not be removed under subsection (a) of this section from a State court to any district court of the United States:

(1) Actions by an employee to recover wages under section 216 of Title 29;

\*       \*       \*       \*       \*       \*

[Commentary, pp. 79–80]

The case law is quite unsettled as to whether the language in the Fair Labor Standards Act, 29 U.S.C. § 216, that suits by employees "may be maintained in any court of competent jurisdiction" prohibits removal of such suits. Compare, e. g. Asher v. William L. Crow Const. Co., 118 F.Supp. 495 (S.D.N.Y.1953) (removal permitted) with Wilkins v. Renault Southwest, Inc., 227 F.Supp. 647 (N.D.Tex. 1964) (removal barred). Clause (1) resolves that controversy by prohibiting removal. These cases are typically for a very small sum and would invite the use of removal as a harassing tactic.
\*   \*   \*