Jerry TAYLOR

v.

David G. BROWN, Individually, d/b/a Brown, Brown & West Real Estate, Insurance and Property Management and Unknown Owner of Cedar Ridge Apartments or Cedar Ridge Apartments.

Civ. No. 3–78–353.

United States District Court,
E. D. Tennessee, N. D.

Nov. 27, 1978.

**560**

Cecil B. Settlemire, Knoxville, Tenn., for plaintiff.

Joe Guess, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

Plaintiff brings this action based on a federal claim arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* and a state claim arising under the Uniform Residential Landlord and Tenant Act, Tenn. Code Ann. §§ 64–2801 *et seq.* Plaintiff originally filed this action in state court. The defendant subsequently removed the case to this Court. Before the Court presently is plaintiff's motion to remand. Briefs have been filed by both sides.

Plaintiff argues that actions under the Fair Labor Standards Act may not be removed to federal court, citing *Carter v. Hill,* 259 F.Supp. 429 (S.D.Tex.1966). In the

Court's view, the majority, and better reasoned, position is that actions arising under the Fair Labor Standards Act are removable to federal court under 28 U.S.C. §§ 1441(a) and (b), as such actions are within the original jurisdiction of the federal district courts and Congress has not expressly prohibited removal. *See Buckles v. Morristown Kayo Co.,* 132 F.Supp. 555 (E.D. Tenn.1955); *United States v. Ozark Air Lines, Inc.,* 419 F.Supp. 795 (E.D.Mo.1976).

While this ruling compels the Court to accept jurisdiction over plaintiff's federal claim, it does not dispose of plaintiff's state claim involving an allegedly wrongful eviction. Removal of a pendent state claim is permitted when the associated federal claim is properly removed to federal court. Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3724. Thus, if this state claim is pendent to the federal claim, the Court would have discretion to consider the entire action.

The proper test of pendent jurisdiction is stated in *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). A state claim may be said to be within a federal court's pendent jurisdiction where a substantial federal claim and the state claim arise from a "common nucleus of operative fact," and are such that a party "would ordinarily be expected to try them all in one judicial proceeding." *Id.* at 725, 86 S.Ct. at 1138.

While the question is close, the state claim in this case does appear to be within the Court's pendent jurisdiction. Plaintiff's federal claim is essentially that he was not paid the minimum wage for work performed for the defendant. Plaintiff's state claim concerns an eviction which took place after the plaintiff had ceased working for the defendant. Plaintiff alleges that his presence in the apartment at issue was compelled by, and provided for, in his employment agreement. The value of the apartment as a part of plaintiff's compensation, as well as the plaintiff's obligations concerning payment of rent and care of the apartment, were no doubt decided upon

with reference to plaintiff's other compensation and employment duties. Thus, the claim that plaintiff's eviction was unlawful appears to grow out of the circumstances surrounding plaintiff's compensation, the very issue involved in the federal claim.

Although the state claim lies within the Court's pendent jurisdiction, the exercise of that jurisdiction is a matter for the Court's discretion. *United Mine Workers of America v. Gibbs, supra,* at 726–27, 86 S.Ct. 1130. Although the rental agreement may well have arisen out of some of the same facts which are at issue in the interpretation of plaintiff's employment agreement, the resolution of a claim for unlawful ouster will require this Court to interpret various provisions of the recently enacted Uniform Residential Landlord and Tenant Act, supra. In terms of the scope of the issues in this action, questions such as the obligations and remedies of landlords and tenants, though highly relevant to the determination of a wrongful eviction claim under Section 64–2844, simply have nothing at all to do with the plaintiff's federal claim. The inclusion of proof on such issues would render this case unduly complex. Nor would the additional burden on the Court be justified, since the state eviction claim does not appear to involve in any way federal policies promoted by the Fair Labor Standards Act. Under these circumstances, the proper course is to leave the resolution of the state claim to state tribunals. *Cf. United Mine Workers of America v. Gibbs, supra.* Therefore, the Court declines to exercise its pendent jurisdiction and will remand plaintiff's state claim to state court.

Given the ruling of the Court on the question of the exercise of its discretionary jurisdiction, it is not necessary for the Court to decide whether the state claim might be heard pursuant to 28 U.S.C. § 1441(c), which also provides discretion in the district court to hear certain claims not themselves removeable to district court.

For the foregoing reasons, it is ORDERED that the motion to remand be, and the same hereby is, granted in part and denied in part. It is further ORDERED that the plaintiff's state claim, arising under Tenn.Code Ann. § 64–2844 be, and the same hereby is, remanded to state court.

Order Accordingly.