**Curtis P. BALDWIN, Plaintiff-Appellant,**

**v.**

**SEARS, ROEBUCK AND COMPANY,
Defendant-Appellee.**

**No. 80–3458.**

United States Court of Appeals,
Fifth Circuit.

Feb. 8, 1982.

Pyles & Tucker, Dixon L. Pyles, Jackson, Miss., for plaintiff-appellant.

Wise, Carter, Child, Steen & Caraway, J. Leray McNamara, Jackson, Miss., for defendant-appellee.

Before GEE and RUBIN, Circuit Judges, and SPEARS *, District Judge.

SPEARS, District Judge:

Appellant, Curtis Baldwin, began working for appellee, Sears Roebuck and Co., in 1951. By 1972 he had become a group merchandizing manager in the Richmond, Virginia, Management Group (Richmond Group).[1] In 1977 the Richmond Group was merged with another management group to form the Virginia Management Group (Virginia Group). The two eliminated management groups each contained 17 managerial employees, while the new Virginia Group required only 19 managerial employees. As a result of the merger, 15 managerial employees from the eliminated groups had to be reassigned. Appellant was not offered a position in the Virginia Group, but was instead offered a position as a store merchandizing manager, a job which involved fewer responsibilities and less earning potential.[2]

At the time of appellee's reorganization, appellant was 51 years of age, and had been employed by appellee for 26 years. Appellant alleges that his change in job status during the 1977 reorganization was a demotion, which was without cause and based solely on one factor, his age. He also asserts that the actions of appellee amounted to a breach of a written fixed term employment contract between the two parties.

These facts formed the basis of a lawsuit filed by appellant in a Mississippi state court alleging that appellee violated the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, et seq.; breached an employment contract between the two parties; and interfered with appellant's trade and business.

A petition for removal pursuant to 28 U.S.C. § 1441, was filed by appellee in a federal district court in Mississippi. In response, appellant filed a motion to remand the case to the Mississippi state courts. The federal district court found appellant's motion to remand to be without merit, and retained jurisdiction of the case. Subsequently, appellee filed a motion for summary judgment. On June 6, 1980, the district court granted the motion and dismissed the case. On appeal, appellant complains of the trial court's refusal to remand the case to the state court, and of its decision to grant appellee's motion for summary judgment. Believing, as we do, that the trial court's actions were correct, we affirm.

### The Refusal to Remand

■ 28 U.S.C. § 1441 creates a broad right of removal which can be limited only by an act of Congress expressly prohibiting it. The statutory right of removal provides the defendant with an opportunity to substitute his choice of forum for the plaintiff's original choice. C. Wright, A. Moore & E. Cooper, 14 Federal Practice and Procedure § 3721, at 514 (1976). Section 1441(a) provides:

> [e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have

---

\* District Judge of the Western District of Texas, sitting by designation.

1. In the United States, Sears, Roebuck and Company is divided into five geographic territories. Each territory is further subdivided into groups or zones. A group is an organization of retail stores in the larger metropolitan areas. A zone is an organization of retail stores in a small metropolitan area or a rural area.

2. As a group merchandizing manager, appellant would be in charge of merchandizing in several departments in each store in the group. As a store merchandizing manager, he would be responsible for merchandizing in several departments of one store. The salary ranges for a store merchandizing manager are also less than for a group merchandizing manager.

original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a) [emphasis added].

Unless, therefore, there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable. It is undisputed that a federal court would have original jurisdiction of this action.[3] Section 7(c) of the ADEA provides that "[a]ny aggrieved person *may bring a civil action in any court of competent jurisdiction. . . .*" 29 U.S.C. § 626(c)(1) [emphasis added].

■ The controversy in this case centers around the language "[e]xcept as otherwise expressly provided by Act of Congress. . . ." 28 U.S.C. § 1441(a). According to appellant, the ADEA contains an express prohibition against removal, in that section 7(b) of the ADEA provides that such actions are to be enforced in accordance with certain provisions of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq., while section 216 of the FLSA provides that an action under the FLSA ". . . may be maintained in any court of competent jurisdiction." 29 U.S.C. § 216. This provision has been interpreted by some courts as an express prohibition against removal. *Johnson v. Butler Bros.*, 162 F.2d 87 (8th Cir. 1947); *Carter v. Hill and Hill Truck Line Inc.*, 259 F.Supp. 429 (S.D.Tex.1966); *Wilkins v. Renault Southwest, Inc.*, 227 F.Supp. 647 (N.D.Tex.1964). In *Johnson v. Butler Bros., supra*, the Eighth Circuit held that

actions under FLSA were not removable. Its decision was based on the language, ". . . may be maintained . . .", 29 U.S.C. § 216(b), which they interpreted as not only granting the plaintiff the right to file his action in state courts, but also the right to prosecute the action to final judgment in that court.[4]

There is another line of authorities, however, which holds that FLSA actions are removable pursuant to 28 U.S.C. § 1441(a). *See, e.g., Anthony v. West Coast Drug Company*, 331 F.Supp. 1279 (W.D.Wash. 1971); *Hill v. Moss-American, Inc.*, 309 F.Supp. 1175 (N.D.Miss.1970); *Niswander v. Paul Hardeman, Inc.*, 223 F.Supp. 74 (E.D. Ark.1963); *Buckles v. Morristown Kayo Co.*, 132 F.Supp. 555 (E.D.Tenn.1955).

Appellant, of course, relies heavily on the proposition that FLSA actions are not removable to support his argument that ADEA actions are also not removable. We have not previously addressed the issue of removability under ADEA or FLSA, nor has the United States Supreme Court done so. Indeed, there appears to be only one federal court case, *Jacobi v. High Point Label, Inc.*, 442 F.Supp. 518 (M.D.N.C.1977), in which the issue of removability of ADEA actions has been discussed. There the district court found that ADEA actions were subject to removal pursuant to 28 U.S.C. § 1441.

While we recognize the intent of Congress that the ADEA is to be enforced in conjunction with Section 16 of the FLSA, we do not believe that the issue of removability of FLSA actions is well settled; con-

---

**3.** In this case the jurisdiction of the federal court could be based on either 28 U.S.C. § 1331 (federal question jurisdiction) or 28 U.S.C. § 1332 (diversity jurisdiction). Appellant's ADEA claim ". . . arises under the constitution, laws, or treaties of the United States . . .", 28 U.S.C. § 1331, and, therefore, jurisdiction of the federal court could properly be based on Section 1331. In addition, appellant is a citizen of Mississippi, and appellee is a corporation organized and existing under the constitution and laws of the State of New York with its principal place of business in New York. Appellant seeks $600,000.00 in damages from appellee. Under these facts a federal court would

also have jurisdiction of appellant's breach of contract claim, based on the diversity jurisdiction of federal courts provided in 28 U.S.C. § 1332.

**4.** In is important to note that the decision in *Johnson v. Butler Bros., supra*, was made in 1947, one year before the 1948 amendments to 28 U.S.C. § 1441. In 1948, Congress added the following language to the general removal statute 28 U.S.C. § 1441 (formerly 28 U.S.C. § 71), "[e]xcept as otherwise expressly provided by Act of Congress. . . ." In our view this puts the removability of FLSA actions in a very different light.

sequently, we do not consider ourselves bound to hold that ADEA actions are not removable on the basis of this argument. The question of removability of FLSA actions is not before us, and we do not attempt to address that issue. Our concern is focused only on the question of removability of ADEA actions.

Examining the specific language contained in ADEA, we note that Congress chose to use the words, "...may bring a civil action in any court of competent jurisdiction...." 29 U.S.C. § 626(c)(1). This language clearly suggests that a plaintiff may institute suit based on the ADEA in either state or federal court. It does not indicate an intent on the part of Congress, however, to allow a plaintiff to prosecute the suit to final judgment in that court. In short, we find no express prohibition against removal pursuant to 28 U.S.C. § 1441(a).[5] Accordingly, the district court's refusal to remand the case to the Mississippi state court was proper.[6]

### The Summary Judgment

■ After retaining jurisdiction of the case, the district court granted appellee's motion for summary judgment as to both the ADEA and breach of contract claims. Appellant contends that in granting summary judgment the district court deprived him of a trial on disputed factual issues, and, with respect to his ADEA claim, that the court misapplied the law as to his burden of proof in establishing the four elements of a prima facie case of age discrimination, which were articulated in *Price v. Maryland Casualty Company*, 561 F.2d 609 (5th Cir. 1977), as follows: (1) plaintiff must be a member of the protected group; (2) he must have been discharged; (3) he must have been replaced by a person outside the protected group; and (4) he must

have been qualified to do the job. *Id.* at 612.

If the action of the district court in granting summary judgment was based only upon appellant's failure to establish the third above stated element of a prima facie case of age discrimination, as he insists that it was, appellant would be correct in arguing that the court had misapplied the law as to the plaintiff's burden of proof in such a case; but the elements as originally set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and as adopted in the *Price* decision do not constitute an "...immutable definition of a prima facie case." *McCuen v. Home Insurance Company*, 633 F.2d 1150, 1151 (5th Cir. 1981), quoting *Marshall v. Goodyear Tire & Rubber Company*, 554 F.2d 730, 735 (5th Cir. 1977). *See, e.g., Hedrick v. Hercules, Inc.*, 658 F.2d 1088 (5th Cir., 1981, as amended Dec. 21, 1981); *Williams v. General Motors Corp.*, 656 F.2d 120 (5th Cir. 1981); *McCorstin v. United States Steel Corp.*, 621 F.2d 749 (5th Cir. 1980).

In *Williams v. General Motors, Inc., supra*, decided subsequent to the entry of the trial court's judgment, this Court recently held that the elements referred to in *Price* may not be applicable to all age discrimination cases. Both the *Williams* decision and the instant case involved a reduction in force by the employer. In *Williams*, it was noted that a plaintiff, under such circumstances, cannot always show that he was replaced by an individual outside of the protected age group. The court then proceeded to announce the elements of a prima facie case of age discrimination, where there has been a reduction in force, as follows: (1) the plaintiff must be within the protected age group and he must have been

---

**5.** Examples of express prohibition against removal by Congress include: actions under the Securities Act of 1933, 15 U.S.C. § 77v(a); actions arising under state workmen's compensation laws, 28 U.S.C. § 1445(c) and; certain actions against railroads, 28 U.S.C. § 1445(a).

**6.** Even if ADEA actions were not removable, the district court would still have jurisdiction of

this entire case pursuant to 28 U.S.C. § 1441(c). Under 28 U.S.C. § 1332 the court would have original jurisdiction of appellant's breach of contract claim, and that claim, if sued upon alone would be removable; therefore, the entire case would be removable pursuant to 28 U.S.C. § 1441(c).

adversely affected—discharged or demoted—by the defendant's employment decision; (2) he must show that he was qualified to assume another position at the time of his discharge or demotion; and (3) he must produce evidence, circumstantial or direct, from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. *Id.* at 129. In a footnote, the court repeated the admonition that the elements of a prima facie case, as articulated in a particular situation, are not "...etched in granite and they do not beckon fanatic adherence". *Id.* at 129 n. 12.

Since there had been a reduction in force by the employer here, it was not necessary under *Williams* for appellant to show that he was replaced by a person outside the protected age group; however, it was necessary that he produce evidence from which a factfinder might reasonably conclude that the employer intended to discriminate in reaching the decision at issue. The trial court found that no statistical evidence of disparate treatment of persons within the protected age group was presented, and that there was no direct evidence of discrimination. Our review of the record supports those findings, and we conclude that the appellant failed to discharge his burden of proving, by direct or circumstantial evidence, a prima facie case of age discrimination.

The appropriate standard for both the trial court and appellate court in determining whether a summary judgment is proper is whether there are genuine issues as to any material fact, and whether it appears that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c). After a review of the record, we conclude that there were no genuine issues of material fact in any of appellant's claims, including but not limited to appellant's breach of contract claim, and that appellee was entitled to a summary judgment as a matter of law.

The judgment of the district court is AFFIRMED.

* Former Fifth Circuit case, Section 9(1) of Public    Law 96–452—October 14, 1980.