Eldon L. Bolton, Jr., Gulfport, Miss., for defendants.

**R.L. JACKSON, Plaintiff,**

v.

**DIAMOND M. COMPANY and John Doe Insurance Co., Defendants.**

**Civ. A. No. J83–0386(B).**

United States District Court, S.D. Mississippi, Jackson Division.

Nov. 28, 1983.

### ORDER AND MEMORANDUM OPINION

BARBOUR, District Judge.

The Plaintiff originally filed this action in the Chancery Court of Scott County, Mississippi, seeking compensation under the Louisiana workmen's compensation laws.

The Plaintiff, Jackson, is a citizen of Scott County, Mississippi. The Defendant, Diamond M. Company, is a corporation organized and existing under the laws of the State of Delaware whose principal place of business is located in Morgan City, Louisiana. Diamond M. Company is qualified and doing business in the State of Mississippi and is amenable to process in this state.

Jackson was hired by Diamond in Louisiana, was employed in Louisiana and was injured in Louisiana. On May 13, 1983, Jackson filed this suit in the Chancery Court of Scott County, Mississippi. On June 10, 1983, the Defendant removed this action to this Court. The Plaintiff's Motion to Remand before this Court today was filed four days after the case was removed.

The Mississippi Supreme Court has held that suits arising under the Louisiana workmen's compensation statutes may be maintained in the Chancery Courts of Mis-

sissippi. *Floyd v. Vicksburg Cooperage Co.*, 126 So. 395, 156 Miss. 567 (1930). Likewise, if the action had been originally filed in the federal district court and the other prerequisites of jurisdiction under 28 U.S.C.A. § 1332 were met, then it is clear that this Court would have jurisdiction to hear this workmen's compensation case. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1960).

Because this case was removed from the state court the question is presented whether it falls within the category of cases which Congress declared to be nonremovable under 28 U.S.C.A. § 1445(c). This statute states that, "a civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C.A. § 1445(c).

The clear wording of this statute dictates that this suit does not fall within the scope of those actions which the Congress of the United States declared unremovable because those cases *arise* under *such* state's workmen's compensation laws. This case does not arise under Mississippi's statutes, but rather under those of the State of Louisiana. This result is reached in spite of the legislative history of § 1445(c) which indicates that the purpose of the statute is to allow workmen's compensation suits to proceed in state courts or administrative agencies in the forum of plaintiff's choosing. 1958 *U.S.Code Cong. & Ad.News* 3099, 3103–06; Congress was also concerned with the reduction of the caseload of the federal district courts. Yet, it is clear that any prohibition on the broad grant of the removability of an action must be *expressly* made. *Baldwin v. Sears, Roebuck and Co.*, 667 F.2d 458, 459 (5th Cir.1982).

However, because no case has addressed the particular facts before this Court and the statute is clearly worded to prohibit removal only in the case where the workmen's compensation claim arises under the laws of the forum state, this Court is constrained to follow the unambiguous man-

date of § 1445(c) and deny the motion to remand this case to the state courts.