**Ruth RAMOS and Joe Ramos, Plaintiffs,**

v.

**H.E. BUTT GROCERY COMPANY, d/b/a H.E.B., et al., Defendants.**

**Civ. A. No. L–85–85.**

United States District Court, S.D. Texas, Laredo Division.

March 24, 1986.

Charles R. Borchers and Teresa A. Hunter, Laredo, Tex., for plaintiffs.

Paul E. Sexton, Jr., Robert G. Newman, Fulbright & Jaworski, San Antonio, Tex., for defendants.

ORDER

KAZEN, District Judge.

The Defendants assert that this Court has original jurisdiction by virtue of the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. § 216(b), and have petitioned for removal pursuant to 28 U.S.C. § 1441. The Plaintiffs contend that Congress has expressly provided for an exception to removal in section 216(b) and have moved to remand. The narrow issue before the Court is whether Congress intended section 216(b) to bar removal jurisdiction. Both sides have cited various nationwide district court decisions in support of their respective positions.

Section 216(b) of the FLSA states in the relevant part:

An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in

any Federal or State court of competent jurisdiction....

29 U.S.C.A. § 216(b) (West Supp.1985). The removal statute provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court....

28 U.S.C. § 1441(a). This section "creates a broad right of removal." *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 459 (CA5 1982). Absent "an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdiction in both federal and state courts, are removable." *Id.* at 460. *See also* 14A Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3729 at 495 (West 1985) ("A congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited.")

The cases cited by the parties indicate a split on the issue of removability. *Compare Nieves v. Deshler*, 561 F.Supp. 1173 (D.P.R.1983); *Taylor v. Brown*, 461 F.Supp. 559 (E.D.Tenn.1978); *Barrett v. MacDonald's of Oklahoma City*, 419 F.Supp. 792 (W.D.Ok.1976) (granting removal); *with Carter v. Hill & Hill Truck, Inc.*, 259 F.Supp. 429 (S.D.Tex.1966); *Wilkins v. Renault Southwest, Inc.*, 227 F.Supp. 647 (N.D.Tex.1964) (denying removal). "A larger number of district courts ... have permitted removal." Wright, Miller & Cooper, *supra*, § 3729 at 496. The Fifth Circuit has ruled that similar language found in the Age Discrimination in Employment Act (ADEA) is not a bar to removal.

Examining the specific language contained in ADEA, we note that Congress chose to use the words, "... may bring a civil action in any court of competent jurisdiction...." 29 U.S.C. § 626(c)(1). This language clearly suggests that a plaintiff may institute suit based on the ADEA in either state or federal court.

It does not indicate an intent on the part of Congress, however, to allow a plaintiff to prosecute the suit to final judgment in that court. In short, we find no express prohibition against removal pursuant to 28 U.S.C. § 1441(a).

*Baldwin*, 667 F.2d at 461. *See also* 1A Moore's Federal Practice para. 0.167[5] at 472 ("This ambiguous phrase is certainly not an express provision against removal...."). An example of express congressional prohibition is found in the Securities Act of 1933. "No case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a).

The Court concludes that the better reasoning supports removal, and thereby DENIES the Plaintiffs' motion to remand.