**Rudolph LICHTENBERGER, et al.**

v.

**PRUDENTIAL–BACHE SECURITIES, INC., et al.**

**Civ. A. No. C–90–49.**

United States District Court, S.D. Texas, Corpus Christi Division.

April 12, 1990.

## ORDER DENYING MOTION FOR REMAND

HEAD, District Judge.

Plaintiffs raise a novel issue in this motion for remand. Plaintiffs urge that since the United States Supreme Court has determined that Congress intended for state courts to have concurrent jurisdiction with the federal courts over federal civil Racketeer Influenced and Corrupt Organization Act ("RICO") claims, 18 U.S.C. § 1961, *et seq.*[1], that this Court should supply con-

---

1. *Tafflin v. Levitt,* —— U.S. ——, 110 S.Ct. 792, 799, 107 L.Ed.2d 887 (1990) (finding concurrent

gressional intent to prohibit removal. To supply such intent would not be appropriate. *See Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458 (5th Cir.1982). Plaintiffs' motion is accordingly denied.

Plaintiffs filed this lawsuit in the 229th Judicial District Court of Duval County, Texas, in 1987, alleging that they suffered financial losses attributable to their reliance, when investing money, upon material misrepresentations of defendant Prudential–Bache. Plaintiffs included in their state court petition a cause of action under the Federal Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and defendant removed to this Court in 1988.[2] After plaintiffs voluntarily dismissed the Federal Securities Act claim with prejudice, the lawsuit was remanded to Duval County. Trial was scheduled to begin in state court on March 19, 1990.

On March 9, 1990, to take advantage of the Supreme Court decision in *Tafflin v. Levitt*, — U.S. —, 110 S.Ct. 792, 107 L.Ed.2d 887 (1990), plaintiffs amended their complaint to add a civil RICO cause of action. Defendants once again removed on the basis of federal question jurisdiction. 28 U.S.C. § 1331; 28 U.S.C. § 1441(a). Plaintiffs then filed this motion for remand and for an expedited hearing. This Court held a hearing on March 16, 1990.

The Supreme Court has clearly held that both state and federal courts have jurisdiction over federal civil RICO claims. *Tafflin*, 110 S.Ct. at 799. Although *Tafflin* did not speak to the issue of removability, this Circuit has held that any civil action in which there is concurrent original jurisdiction in the federal and state courts is removable under 28 U.S.C. § 1441 absent an express congressional declaration otherwise. *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d at 459. There is no language in the statute creating a civil RICO cause of action which addresses removal, 18 U.S.C. § 1961 *et seq.;* nor has there been an express declaration by Congress in the removal statute. The statute lists nonremov-

able actions but does not mention civil RICO actions. 28 U.S.C. § 1445. In spite of the clear holding of *Baldwin*, plaintiffs urge the Court to prohibit removal simply because *Tafflin* finds state court concurrent jurisdiction. The right of a defendant to remove a federal cause of action to federal court is statutorily created and may not be so easily lost. Had Congress intended for this right to have been lost in RICO cases, it could well have so said. 28 U.S.C. § 1441.

Congress identified and targeted racketeering as a national concern. It is important to the development of these national anti-racketeering laws that national courts not be precluded from their development. Plaintiffs' proposition of non-removability proposes just that. Such a proposition must be rejected.

Plaintiffs' motion is denied.

---

jurisdiction in the state courts for civil RICO actions filed under 18 U.S.C. § 1964).

**2.** The case was assigned Civil Action No. C–88–190, and styled *Rudolph Lichtenberger, et al. v. Prudential–Bache Securities, Inc., et al.*