Garrett H. WINEBARGER, Plaintiff,

v.

LOGAN ALUMINUM, INC., Defendant.

No. C93–0138–BG(H).

United States District Court,
W.D. Kentucky,
at Bowling Green.

Sept. 14, 1993.

William P. Skaggs, Bowling Green, KY, for plaintiff.

Michael A. Owsley, Marc Allen Lovell, English, Lucas, Priest & Owsley, Bowling Green, KY, for defendant.

MEMORANDUM AND ORDER

HEYBURN, District Judge.

Plaintiff filed suit in Kentucky court alleging that Defendant had violated the federal Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 623. Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441(a) and (b). Plaintiff now asks the Court to remand this litigation to state court, contending that the law forbids the removal of ADEA actions begun in a state forum. The Court disagrees, and will deny Plaintiff's Motion.

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...." 28 U.S.C. § 1441(a). This Court clearly may exercise original jurisdiction over ADEA claims. 29 U.S.C. §§ 626(b), (c)(1) *and* 216(b); *Baldwin v. Sears, Roebuck & Co.,* 667 F.2d 458, 461 (5th Cir.1982). An ADEA claim is therefore removeable from state court unless Congress has "otherwise expressly provided" that the removal of such litigation shall be prohibited.

Plaintiff insists that Congress has explicitly forbidden the removal of ADEA claims. Plaintiff begins by observing that § 626(b) of the ADEA incorporates the enforcement rules of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b). The FLSA declares that actions based on its provisions "may be maintained against any employer ... in any Federal or State court of competent jurisdiction...." § 216(b). The power to "maintain" a lawsuit in state court grants workers more than the power simply to *initi-*

---

*ate* an action in that forum, Plaintiff contends: such language in fact promises that an FLSA action, once begun in state court, may be *preserved* against any attempt by a defendant to transfer the litigation to federal court. (Pl.'s Reply in Support of Mot. to Remand, at 3.) At least one Circuit Court has taken Plaintiff's position. *Johnson v. Butler Bros.*, 162 F.2d 87, 89 (8th Cir.1947).

Plaintiff's interpretation asks too much of the word "maintain", however. The First Circuit stated the better view of the law when it wrote:

> Section 1441(a) explicitly states that an express provision by Act of Congress is required to preclude the right to removal. We think the words "expressly provided" must be construed to mean exactly that. Lacking an explicit statutory directive by Congress that the customary right to remove is abrogated in the instance of FLSA suits, we decline to prohibit their removal. The words "may be maintained" are ambiguous; at best they are suggestive. They are not an express provision barring the exercise of the right to removal. If Congress wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms, and it could easily have done so here.

*Cosme Nieves v. Deshler*, 786 F.2d 445, 451 (1st Cir.1986) (citations and footnotes omitted). The First Circuit's interpretation represents the dominant trend among opinions addressing § 216(b)'s effect upon removal of FLSA actions. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1196 (9th Cir.1988) (listing § 216(b) among those statutes that "contain no limitation on removal, express or otherwise, to bar removal as required under section 1441(a)"); *Nesbitt v. Bun Basket, Inc.*, 780 F.Supp. 1151, 1152 (W.D.Mich.1991) (§ 216(b) does not bar removal of FLSA action); *Buckles v. Morristown Kayo Co.*, 132 F.Supp. 555, 556 (E.D.Tenn.1955) (same).

Plaintiff fares no better when the focus returns to the ADEA itself. The Fifth Circuit, after conducting a thorough examination of the statutory language of both the FLSA and ADEA, declared that it could find "no

express prohibition against removal" of ADEA actions. *Baldwin*, 667 F.2d at 461. The court observed that the law clearly allows a plaintiff to begin an ADEA suit in state court, but the statute "does not indicate an intent on the part of Congress ... to allow a plaintiff to prosecute the suit to final judgment in that court." *Id.* At least two other Circuit Courts have reached the same conclusion. *See Ching v. Mitre Corp.*, 921 F.2d 11, 13 (1st Cir.1990) *and Kovalic v. DEC Int'l, Inc.*, 855 F.2d 471, 474 (7th Cir. 1988).

The presence of the word "maintained" in the FLSA's enforcement provision is insufficient to constitute Congress' express intent to prohibit the removal of federal age discrimination lawsuits from state court. Therefore, the Court having reviewed this matter and being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand shall be **DENIED.**