**John E. PACE, Jr., Plaintiff,**

v.

**Jefferson Bennie HUNT, Jr., Individually and In His Official Capacity as Coroner of Pike County, Mississippi; Pike County, Mississippi; Hartford Fire Insurance Company; Wilsey Kelly and His Successor, Dr. Emily Ward, Individually and in their Official Capacities as Medical Examiners for the State of Mississippi; and John Doe 1 through 5, Defendants.**

Civ. A. No. 3:94–CV–60BN.

United States District Court,
S.D. Mississippi,
Jackson Division.

March 23, 1994.

Rebecca Leigh Thames, Kitchens & Ellis, Jackson, MS, for John E. Pace, Jr.

Thomas M. Brabham, Brabham & Bean, McComb, MS, Wayne Dowdy, Magnolia, MS, for Bennie Hunt.

Wayne Dowdy, Magnolia, MS, for Pike County, MS.

L. Clark Hicks, Jr., Lawrence C. Gunn, Jr., Hattiesburg, MS, for Hartford Fire Ins. Co.

Maudine Gatlin Eckford, Mississippi Atty. General's Office, Jackson, MS, Wilsey Kelly and Dr. Emily Ward.

### MEMORANDUM OPINION AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on the Plaintiff's Motion to Remand. Having considered the Motion, the Response of Hartford Fire Insurance Company, and supporting and opposing memoranda, the Court finds that the Motion is not well taken and should be denied.

#### I. Background

Plaintiff filed this action in the Circuit Court of the First Judicial District of Hinds County, Mississippi ("Circuit Court"), against the numerous Defendants set forth above on December 23, 1993. On January 24, 1994, Plaintiff filed an Amended Complaint in the Circuit Court. On February 4, 1994, the Defendants in this action filed a Notice of Removal pursuant to 28 U.S.C. § 1441(a) and (b), 28 U.S.C. § 1446. Plaintiff's Complaint alleges violations of 42 U.S.C. § 1983. Plaintiff now seeks to have this case remanded to the Circuit Court.

#### II. Analysis

Plaintiff asserts that this action should be remanded to state court because jurisdiction in 42 U.S.C. § 1983 cases is proper in either state or federal courts. Plaintiff correctly notes that state and federal courts have concurrent jurisdiction over matters arising under the United States Constitution and the Civil Rights Act. *See e.g., Long v. District of Columbia,* 469 F.2d 927, 928 (D.C.Cir.1972); *Barbier v. Governor of the State of New Jersey,* 475 F.Supp. 127, 133 (D.N.J.1979). Plaintiff has cited numerous

federal district court cases and state court cases which support this proposition. Curiously absent from the Plaintiff's brief is any citation to cases from the United States Court of Appeals for the Fifth Circuit. Defendant, Hartford, argues that even though federal and state courts have concurrent jurisdiction over § 1983 cases, such concurrent jurisdiction does not prevent removal of such cases to federal court.

■ The Court finds that removal of this case to federal court was entirely proper, and the case should not be remanded to state court. 28 U.S.C. § 1441 governs the removal of cases from state to federal court:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court *of which the district courts of the United States have original jurisdiction,* may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis added). 28 U.S.C. § 1331 sets forth the actions over which federal district courts have original jurisdiction: "all civil actions arising under the Constitution, laws, or treaties of the United States." Therefore, from a plain reading of these two statutes, this action brought in part under 42 U.S.C. § 1983, is a case arising under the laws of the United States, for which this Court has original jurisdiction. The case law supports such a reading of the statute.

In *Baldwin v. Sears, Roebuck & Co.,* 667 F.2d 458, 459 (5th Cir.1982), the court addressed the issue of whether a cause of action under the Age Discrimination in Employment Act ("ADEA") was properly removed from state to federal court. The court noted that "[t]he statutory right of removal provides the defendant with an opportunity to substitute his choice of forum for the plaintiff's original choice." *Id.* at 459 (citing 14 Charles A. Wright et al., *Federal Practice & Procedure* § 3721, at 514 (1976)). The court then concluded that "[u]nless ... there is an express declaration by Congress to the contrary, all types of civil actions, in which there is concurrent original jurisdic-

tion in both federal and state courts, are removable." *Id.* at 460. The parties have not presented, and the Court has been unable to find, any cases decided by the Fifth Circuit concerning whether removal of a § 1983 case is proper in light of the concurrent jurisdiction of state and federal courts over such actions.

In *Dorsey v. City of Detroit,* 858 F.2d 338 (6th Cir.1988), the United States Court of Appeals for the Sixth Circuit was presented with the precise issue which is the subject of the current motion before the Court: whether an action arising under 42 U.S.C. § 1983 was properly removed to federal district court in light of the concurrent jurisdiction of state and federal courts over such actions. The court, relying in part of the holding of the Fifth Circuit in *Baldwin,* concluded as follows:

> Congress has said in 28 U.S.C. § 1441(a) that except where otherwise expressly provided by statute, "any" civil action of which the federal district courts have original jurisdiction may be removed. Section 1983 actions are not included among the nonremovable actions listed in 28 U.S.C. § 1445, and no other statute provides, expressly or otherwise, that § 1983 actions are nonremovable. The weight of judicial authority supports the conclusion that "a Congressional grant of concurrent jurisdiction in a statute does not imply that removal is prohibited."

*Id.* at 341 (citing 14A Charles A. Wright et al., *Federal Practice & Procedure* § 3729, at 495 (1985) and numerous cases including *Baldwin* ).

Plaintiff relies on *Young v. Board of Educ.,* 416 F.Supp. 1139, 1141 (D.Colo.1976), which remanded a § 1983 case to state court because state courts have concurrent jurisdiction with federal courts under the statute. The court held:

> We see no compelling reason to justify giving defendants, properly sued in a court of competent jurisdiction, the right to select the forum for adjudication of this case. Absent statutory prohibition, plaintiff's choice of a forum should be recognized by the court.

*Id.* at 1141. This view is clearly the minority view with regard to the removal statute, however, and will not be adopted by this Court.

The Court finds that the removal statute would be eviscerated if actions such as the present one were remanded to state court simply because such courts have concurrent jurisdiction. This Court would have to ignore the clear language contained in the statute to grant the Plaintiff's Motion to Remand. The Court also finds that if presented with the opportunity, the Fifth Circuit would follow its holding in *Baldwin* regarding cases under the ADEA and apply such a holding to cases arising under 42 U.S.C. § 1983. Therefore, the Court finds that this case was properly removed to federal court and should remain in this Court until its ultimate conclusion.

### III. *Conclusion*

For the reasons set forth above, the Court finds that this case was properly removed to federal court and that it should remain in this Court until its conclusion.

IT IS THEREFORE ORDERED that the Plaintiff's Motion to Remand is hereby denied.

SO ORDERED.