**Clara Clydell LADNER and Patrick Ladner**

v.

**ALEXANDER & ALEXANDER, INC., et al.**

Civ. A. No. 94–1996.

United States District Court, W.D. Louisiana, Alexandria Division.

March 27, 1995.

Robert C Thomas, Thomas & Dunahoe, Natchitoches, LA, for Clara Clydell Ladner, Patrick Ladner.

---

F. Drake Lee, Jr., Herschel E. Richard, Jr., Cook Yancey King & Galloway, P.C., Shreveport, LA, for Alexander & Alexander Inc.

James L. Fortson, Jr, Shreveport, LA, for Joe Callaway.

F. Drake Lee, Jr., Herschel E. Richard, Jr., S. Price Barker, Cook Yancey King & Galloway, P.C., Shreveport, LA, for Barbara Vercher.

### *RULING*

LITTLE, District Judge.

For the following reasons, this court DENIES plaintiffs' motion to remand.

Clara Ladner and her husband, Patrick Ladner, brought this action in the Ninth Judicial District Court of Louisiana, Rapides Parish, asserting negligent misrepresentation against Alexander & Alexander, Inc., Barbara Vercher and Joe Callaway. Later, plaintiffs amended their petition to include a federal claim under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. §§ 2601, et seq. Defendants properly removed on the basis that a federal question had been asserted. 28 U.S.C. § 1441. The plaintiffs have moved to remand this action to state court, asserting that, although actions under the FMLA may be brought in federal court, they may not be removed once they are commenced in state court. Alternatively, they state that even if their federal claim is removable, this court should remand their state claims. Defendants oppose this motion to remand.

■ Upon reviewing the pertinent case law, this court discovers that federal courts have not addressed the section of FMLA entitled "Right of Action," that states in part "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction." 29 U.S.C.S. § 2617(a)(2). As the parties have pointed out, however, the same language can be found in the Fair Labor and Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq. Unfor-

tunately, on the issue of removability, the courts have not reached unanimity.

■ Nevertheless, this court finds guidance in the removal statute which states that:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). This section creates a broad right of removal. *Baldwin v. Sears, Roebuck & Co.,* 667 F.2d 458, 459 (5th Cir. 1982). Unless Congress makes an express declaration to bar removal, "all types of civil actions, where there is concurrent original jurisdiction in both federal and state courts, are removable." *Id.* at 460. As the First Circuit has stated, "the words 'may be maintained' are ambiguous; at best they are suggestive. They are[, however,] not an express provision barring the exercise of the right to removal." *Cosme Nieves v. Deshler,* 786 F.2d 445, 451 (1st Cir.), *cert. denied,* 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47 (1986). Thus, this court DENIES plaintiffs' motion to remand.

In addition, the court concludes that this case does not meet the requirements of 28 U.S.C. § 1367(c) and will exercise pendent jurisdiction over plaintiffs' state law claims. Thus, the court DENIES plaintiffs' motion to remand their state law claims.