**H & R BLOCK, LTD., Plaintiff,**

v.

**Brenda HOUSDEN and Karen K. Beard, Defendants.**

**No. 1:97–CV–0646.**

United States District Court, E.D. Texas, Beaumont Division.

Sept. 27, 1998.

---

Stephanie Donean Surratt, John W. Newton III, J. Hoke Peacock II, Howard Close, Orgain, Bell & Tucker, Beaumont, TX, for plaintiff and third party defendants.

William H. Yoes, Beaumont, TX, for defendant.

## MEMORANDUM OPINION

COBB, District Judge.

H&R Block, Ltd., filed its original petition in state court against defendants, former employees, for breaching a covenant not to compete. Defendants counterclaimed against plaintiff and four other parties, all separate legal entities, alleging violations of the Fair Labor Standards Act. 29 U.S.C.A. §§ 201–219 (FLSA).[1] Two of these parties, counterclaim defendants, but not the named plaintiff, which is a cross-defendant, removed, alleging the counterclaim stated a federal cause of action under the FLSA. Plaintiff consented to the removal. Defendants subsequently filed a motion to remand on grounds that (a) cases arising under the FLSA are not removable from state to federal court and (b) counterclaim defendants lack standing to remove cases to federal court. This court finds defendants' arguments non-persuasive. The motion to remand is DENIED.

### I. BACKGROUND

In 1995, plaintiff entered into employment agreements with the defendants, both of which contained covenants not to compete. By 1996, both agreements were terminated and, by 1997, plaintiff filed suit in state court alleging that defendants had violated their covenants not to compete. Defendants counterclaimed against plaintiff and four other distinct legal entities alleging violations of the Federal Labor Standards Act based on lack of adequate compensation for overtime hours worked. The counterclaim bore no relation, factual or otherwise, to the original allegations concerning the covenants to compete. In response to the counterclaim, two of the counterclaim defendants, but not the plaintiff, filed for removal based on federal question. The defendants then filed to have the case remanded as the basis of (a) cases cannot be removed from state to federal court under the FLSA and (b) counterclaim defendants are barred from removing cases under 28 U.S.C. § 1441(c).

1. The defendants filed a cross-action against the original plaintiff, and sued the four other entities as third party defendants. All of these will be called "counterclaim defendants" in this memorandum.

## I. ANALYSIS

Two issues confront the court: (A) Are cases brought under the FLSA in state court removable to federal court? (B) Do counterclaim defendants who were not parties to the original action have standing to remove a case to federal court?

### A.

■ The removing parties assert that this court has original jurisdiction by virtue of the Fair Labor Standards Act of 1938, 29 U.S.C. § 16(b) (FLSA), and have petitioned for removal pursuant to 28 U.S.C. § 1441(c). The party opposed to removal asserts that Congress has expressly provided for an exception to removal in section 216(b) of the Act by employing the words "may be maintained" in the language of the Act. Section 216(b) of the FLSA states in relevant part:

An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including public agency) in any Federal or State court of competent jurisdiction ...

29 U.S.C.A. § 216(b) (West Supp.1985). Defendants cite an Eighth Circuit case supporting their position. *Johnson v. Butler Bros.*, 162 F.2d 87 (8th Cir.1947). In *Johnson*, the court held that by stating cases may be maintained in federal or state court, the Congress intended that not only could actions be brought in either forum, but that actions must also be prosecuted to final judgment in the forum they were brought originally. 162 F.2d at 89.

Despite the Eighth Circuit's ruling in *Johnson*, the cases on this issue are split. Decisions rejecting removal include: *Esquivel v. St. Andrews Construction*, 999 F.Supp. 863 (N.D.Tex.1998); *Pauly v. Eagle Point Software Co. Inc.*, 958 F.Supp. 437 (N.D.Iowa 1997); *Bintrim v. Bruce–Merilees Elec. Co.*, 520 F.Supp. 1026 (W.D.Pa.1981); *Haun v. Retail Credit Co.*, 420 F.Supp. 859 (W.D.Pa. 1976); *Carter v. Hill and Hill Truck Line, Inc.*, 259 F.Supp. 429 (S.D.Tex.1966); and *Wilkins v. Renault Southwest, Inc.*, 227 F.Supp. 647 (N.D.Tex.1964).

Decisions permitting removal include: *Cosme Nieves v. Deshler*, 786 F.2d 445 (1st Cir.), cert. denied, 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47 (1986); *Winebarger v. Logan Aluminum, Inc.*, 839 F.Supp. 17 (W.D.Ky. 1993); *Nesbitt v. Bun Basket, Inc.*, 780 F.Supp. 1151 (W.D.Mich.1991); and *Ramos v. H.E. Butt Grocery Co.*, 632 F.Supp. 342 (S.D.Tex.1986).

Despite the split in cases, the Fifth Circuit has ruled that similar language found in the Age Discrimination in Employment Act (ADEA) is not a bar to removal.

Examining the specific language contained in ADEA, we note that Congress chose to use the words, "... may bring a civil action in any court of competent jurisdiction ..." 29 U.S.C. § 626(c)(1). This language clearly suggests that a plaintiff may institute suit based on the ADEA in either state or federal court. It does not indicate an intent on the part of Congress, however, to allow a plaintiff to prosecute the suit to final judgment in that court. In short, we find no express prohibition against removal pursuant to 28 U.S.C. § 1441(a).

*Baldwin* 667 F.2d at 461. *See also* 1A Moore's Federal Practice para. 0.167[5] at 472 ("This ambiguous phrase is certainly not an express provision against removal....").

An example of express congressional prohibition is found in the Securities Act of 1933. "No case arising under this sub-chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). The Congress has barred removal of other cases, and certainly can so provide. *See i.e.* Jones Act, 46 U.S.C.App. § 688; Federal Employers' Liability Act, 45 U.S.C. § 51; and the prohibition of removing workers' compensation cases, 28 U.S.C. § 1445(c).

This court concludes that the better reasoning supports removal, and DENIES the plaintiffs' motion to remand on this ground.

### B.

■ Defendant next claims that the counterclaim defendants do not have standing to remove the case to Federal Court. According to them, only original defendants can remove. Defendants claim that when

plaintiff filed its counter-claim, it transformed the defendants that were not parties to the original action into counterclaim defendants, and assert they do not have standing to remove. The primary case cited by defendants appears at first glance to support the notion that parties who were not original defendants cannot remove, however, it acknowledges a distinct difference between defendants that were originally plaintiffs to a suit and defendants who had nothing to do with the suit but were joined by a counterclaim. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941) (*affirming Sheets v. Shamrock Oil & Gas Corp.,* 115 F.2d 880 (5th Cir.1940)) *citing West v. Aurora City,* 6 Wall. 139, 73 U.S. 139, 18 L.Ed. 819 (1867) (holding in part that the right of removal is given only to a defendant who has not submitted himself to that jurisdiction; not to an original plaintiff in a state court who, by resorting to that jurisdiction, has become liable under the state laws to a cross-action). Because the defendants that filed for removal in this case were not plaintiffs to the original action, *Shamrock* does not control. Defendants' second case, *Scott v. Communications Services, Inc.* 762 F.Supp. 147, 149–50 (S.D.Tex. 1991), *affirmed,* 961 F.2d 1571 (5th Cir.1992), also involves a counterclaim filed against a plaintiff, and not an uninvolved party. In light of these two cases, it seems that 28 U.S.C. § 1441(c), allows removal by counterclaim defendants as long as they are not original plaintiffs to the action and the counterclaim is separate and independent from the original claim. Section 1441(c) provides:

> Whenever a separate and independent claim or cause of action with the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein.

28 U.S.C.A. § 1441(c).

In May, 1998, the Fifth Circuit upheld the proposition that a counterclaim defendant could remove if the counterclaim was separate and independent of the original complaint. *State of Texas Board of Regents v. Walker,* 142 F.3d 813 (5th Cir.1998). In *Walker,* the State of Texas filed suit against a university professor on a state law claim for violation of his employment contract. The professor then filed a counterclaim joining additional defendants and alleging both state and Federal claims pursuant to § 1983, all of which arose out of his employment termination. The counterclaim defendants subsequently removed the case to federal court. Building on one of its prior rulings, *Carl Heck Engineers v. Lafourche Parish Police* 622 F.2d 133 (5th Cir.1980) (holding that a third party indemnity defendant may remove a case to federal court pursuant to § 1441(c)) the court held that as long as the counterclaim defendants were not the same parties as the original state court plaintiffs, and where the counterclaim itself is separate and independent from the original claim, then removal is appropriate. *Walker* 142 F.3d at 816–17.

Both requirements set forth in *Walker* are satisfied here. The removing parties in this case are separate legal entities that do not include the original plaintiff. The counterclaim is separate and independent from the original claim filed by plaintiff (whether a claim is legitimately separate and independent hinges on whether it involves an obligation distinct from the nonremovable claims in the case). *See American Fire & Cas. Co. v. Finn,* 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951) (holding "where there is a single wrong to plaintiff, for which relief is sought, arising from an interlocked series of transactions, there is no separate and independent claim or cause of action under § 1441(c).") Removing defendants' allegations of FLSA violations satisfy the "separate and independent" requirement, and *Finn* does not control. Unlike the plaintiff's claim, which is rooted in activities that took place following the termination of their employment, defendants' counterclaim involves activities that took place during their employment. Consequently, removal by the counterclaim defendants is appropriate. The removing defendants are being sued on a distinct, separate "free-standing" federal cause

of action under a federal statute.[2] It is a separate and independent action from the original action, which was based upon alleged violations of covenants not to compete.

IT IS ORDERED, ADJUDGED, AND DECREED that Plaintiff's Motion to Remand is DENIED.

---

**2.** The court notes in passing that the FLSA applies only to the original defendants' "employer." The court does not here rule that the removing counterclaim defendants are, or were, the original defendants' "employers," or are liable to the defendants under the FLSA. The court has no evidence on this issue in order to so rule.