# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50143
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 17, 2023

Lyle W. Cayce
Clerk

Robert K. Hudnall; Sharon Elias Hudnall,

*Plaintiffs—Appellants*,

*versus*

Ty Smith, *Individually and as agent for Smith and Ramirez Restoration, L.L.C.*; Alejandro C. Ramirez, *Individually and agent for Smith and Ramirez Restoration L.L.C.*; Smith and Ramirez Restoration, L.L.C.,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:21-CV-106

---

Before Dennis, Engelhardt, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Robert K. Hudnall and Sharon Elias Hudnall filed suit against Ty Smith, Alejandro C. Ramirez, and Smith and Ramirez Restoration, L.L.C. (collectively, the Defendants), asserting claims of breach of contract, fraud,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50143

fraudulent inducement, fraudulent misrepresentation, and promissory estoppel (collectively, the "Contract Claims") and claims under the federal Racketeer Influenced and Corrupt Organizations Act (RICO). The district court dismissed the Hudnalls' Contract Claims for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismissed their RICO claims pursuant to Federal Rule of Civil Procedure 12(c). The Hudnalls now appeal.

As an initial matter, we observe that we have jurisdiction over this appeal, as the Hudnalls filed a document clearly evincing their intent to appeal within the time period prescribed by Federal Rule of Appellate Procedure 4(a)(1)(A). *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). We also disagree with the Hudnalls' assertion that their complaint was improperly removed to federal court. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Baldwin v. Sears, Roebuck & Co.*, 667 F.2d 458, 460 (5th Cir. 1982).

De novo review applies to a Rule 12(b)(1) dismissal, and the district court properly dismissed the Contract Claims for lack of subject matter jurisdiction because they were subject to binding arbitration. *See Gilbert v. Donahoe*, 751 F.3d 303, 306-07 (5th Cir. 2014). However, we modify the judgment to reflect that the Contract Claims are dismissed without prejudice. *See Csorba v. Varo, Inc.*, 58 F.3d 636, 636 n.2 (5th Cir. 1995) (unpublished but precedential per 5TH CIR. R. 47.5.3).

We also review Rule 12(c) dismissals de novo, using the same standard that applies to a Rule 12(b)(6) motion to dismiss. *Q Clothier New Orleans, L.L.C. v. Twin City Fire Ins. Co.*, 29 F.4th 252, 256 (5th Cir. 2022). The district court did not err in dismissing the Hudnalls' RICO claims, as, at a minimum, they have failed to plead the elements of the asserted predicate offenses as required to state a RICO claim. *See Elliott v. Foufas*, 867 F.2d 877,

880 (5th Cir. 1989).  We also disagree with the Hudnalls' assertion that the district court reversibly erred in failing to conduct a hearing on their claims, as they have not explained what additional information they would have presented at a hearing that was not presented in their multiple filings in the district court.  *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). The Hudnalls have abandoned, by failing to adequately brief, any argument that the failure to hold hearings violated the Americans with Disabilities Act and the Americans with Disabilities Amendments Act.  *See Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).

In light of the foregoing, we MODIFY the district court's judgment to reflect dismissal without prejudice of the Hudnalls' claims of breach of contract, fraud, fraudulent inducement, fraudulent misrepresentation, and promissory estoppel against the Defendants.   We AFFIRM AS MODIFIED.