**AAKER et al. v. KAISER CO., Inc.**

**Civ. No. 3553.**

District Court, D. Oregon.

Oct. 13, 1947.

Green & Landye, Edwin D. Hicks, Thomas H. Tongue, III, and Mowry & Mowry, all of Portland, Or., for plaintiffs.

James Richard Devers and Hart, Spencer, McCulloch & Rockwood, all of Portland, Or., for defendant.

JAMES ALGER FEE, District Judge.

Plaintiffs brought an action against defendant for overtime, liquidated damages and attorney fees in the Circuit Court of the State of Oregon for Multnomah County. Both sides agree that it is an action brought under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. Subsequently and within appropriate time the defendant presented a petition for removal of the cause to this court. The state court did not grant the order. Memoranda were submitted in the state court upon the question of whether the case was removable, but at the appropriate time the defendant had the record certified by the Clerk on April 14, 1947 and it was thereupon filed in this court upon the next day, April 15, 1947.

This court unquestionably obtained jurisdiction to determine whether or not the removal was proper upon the filing of the records under such circumstances.

The issue has been sharply debated as to whether or not there is a right of removal under the Fair Labor Standards Act of 1938. A great many federal cases have discussed the question. The majority of the opinions seem to be in favor of non-removability. The opinion set forth in Sonnesyn v. Federal Cartridge Company, D.C., 54 F.Supp. 29 by Judge Joyce sets out the persuasive arguments that such a cause is removable. There is no occasion to review the arguments and considerations at length.

The argument against removal is based upon the proposition that the phrase "may be maintained in any court of competent jurisdiction"[1] is proof conclusive of the intention of Congress that the cases should not be removed. All admit that if this phrase were omitted the causes filed in the state courts would be removable. It is also conceded that the word "maintain" is highly ambiguous. It could be satisfied if filing of the action were permitted in the state court and the entry of judgment when there was no interference by a removal petition. There is no implication in the wording of the phrase that removal is forbidden. The most that can be said is that the existing law is restated. Without the phrase, the action could be filed and proceeded with to judgment either in a state court or in a federal court. Without the phrase an ac-

---

[1] 29 U.S.C.A. § 216(b).

tion filed in the state court could be removed to the federal court. No inference could be suggested by restatement of the existing law in the statute. If the inference can be drawn that the case could be filed and proceed to judgment in the state court, by no logic can the inference be drawn that it could not be removed. On the contrary, the language indicates that the attention of Congress was not focused upon removal. There was no necessity of considering removal, as this feature was already adequately covered by existing legislation. The removal statute is positive in its terms.

"Any suit of a civil nature, at law or in equity, arising under the Constitution or laws of the United States * * * of which the district courts of the United States are given original jurisdiction, in any State court, may be removed by the defendant or defendants therein to the district court of the United States for the proper district. * * * "[2]

"The district courts shall have original
* * * * * *
jurisdiction.

"Eighth. Of all suits and proceedings arising under any law regulating commerce." [3]

The Fair Labor Standards Act is a law regulating commerce. A proceeding brought under that statute in a state court was expressly removable.

If the attention of Congress had been directed to this field, positive language could have been used, as in the past, to prevent removal. When the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., was first passed, there was no reference as to the courts in which action could be "maintained". It was held that proceedings could be pursued either before a state or a federal court. It was also held the suits filed in the state court were removable. Congress thereupon amended the act by restating the law that the action could be maintained in either forum and expressly added "and no case arising under this chapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States."[4]

This suit then falls squarely within the purview of the removal act. Repeals by implication are not favored. In this case repeal would be accomplished by the use of the single word "maintained" which all admit is highly ambiguous in any context. But it is said this is not a repeal but an exception. Exceptions to a positive statute must be added by amendment and must be express. Even so, valid exceptions are strictly construed. Since the prohibition of removal depends upon remote emanations of an unrelated act, we should not read our own ideas of public policy into the legislation. To instance how fallible our judgments as to ebb and flow may be, it should be noted that under the Federal Employers' Liability Act where removal is expressly forbidden to the defendant, the vast bulk of cases are brought in the federal courts by the plaintiff.

The considerations involving public policy come to exact balance. On the one hand it is probably convenient for some of the plaintiffs to bring action in the state courts rather than the federal courts. On the other hand, it is of some moment that the federal courts shall pass upon federal questions. Therefore, the case is governed by the removal statute and the court will not legislate.

The court will not discuss any of the opinions except Johnson v. Butler Bros., 8 Cir., 162 F.2d 87. There it is held that such a cause is not removable. This decision was not called to the attention of the court until after this opinion had been written, although not yet announced. The respect which the writer bears for that court would impel a change, but in view of the fact that the exact point which seems decisive was not noticed and the fact that the decision is not binding in this circuit, this opinion is announced without other change.

Remand to the state court refused.

[2] 28 U.S.C.A. § 71.
[3] 28 U.S.C.A. § 41(8).
[4] C. 143, § 1, 36 Stat. 291, 45 U.S.C.A. § 56. See Young & Jones v. Hiawatha Gin & Mfg. Co., D.C., 17 F.2d 193, 195;

Hartford Fire Ins. Co. v. Kansas City, M. & O. Ry. Co. of Texas, D.C., 251 F. 332; Southern Pacific Company v. Stewart, 245 U.S. 359, 38 S.Ct. 130, 62 L.Ed. 345.