Scott C. BINTRIM, Jack A. Cameron, Stanley Watkins, Paul I. Braatz, William A. Cheslock, Jr. and Phillip D. Tony, Plaintiffs,

v.

BRUCE–MERILEES ELECTRIC COMPANY, a corporation, Defendant.

DeLane R. JONES, Administratrix of the Estate of David E. Jones, Deceased, Plaintiff,

v.

BRUCE–MERILEES ELECTRIC COMPANY, a corporation, Defendant.

Civ. A. Nos. 81–884, 81–885.

United States District Court, W. D. Pennsylvania.

Aug. 25, 1981.

Irving M. Portnoy, Litman, Litman, Harris & Specter, P.A., Pittsburgh, Pa., for plaintiffs.

Hayes C. Stover, W. D. Smith, Kirkpatrick, Lockhart, Johnson & Hutchison, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

TEITELBAUM, District Judge.

Plaintiffs brought these actions in the Court of Common Pleas of Lawrence County, Pennsylvania against a former employer to recover allegedly unpaid compensation. Plaintiffs' complaints allege plaintiffs are entitled to unpaid compensation for work performed and set forth three grounds of relief: section 16(b) of the Fair Labor Standards Act (FLSA), 29 U.S.C. § 216(b), common law breach of contract, and quantum meruit. Defendant removed these actions to federal court. Plaintiffs have filed motions to remand these actions to state court. For the reasons set forth below, the motions will be granted.

Plaintiffs contend this Court is without removal jurisdiction because 1) FLSA actions may not be removed and 2) the complaints otherwise set forth no federal questions upon which original federal jurisdiction could have been based. Defendant contends the actions were properly removed because 1) FLSA actions may be removed and 2) the plaintiffs' contract allegations are exclusively governed by federal law and necessarily state claims under section 301(a) of the Labor Management Relations Act. (LMRA), 29 U.S.C. § 185(a).

The disposition of the present motions turns on whether the FLSA claims may be removed. If the FLSA claims are not subject to removal, the entire action must be remanded to state court.[1] If the FLSA claims are subject to removal, they could provide a basis for removal jurisdiction.

---

1. 28 U.S.C. § 1441(c) permits removal of the entire case if a separate and independent removable claim is joined with a non-removable claim. The operative words of this statute require the claims to be separate and independent. In the matter *sub judice* plaintiffs have alleged a single series of transactions or occurrences. Therefore plaintiffs' claims are not separate and independent and 28 U.S.C. § 1441(c) is not applicable. See C. Wright, Law of Federal Courts 158–159 (3d ed. 1976).

The general removal statute, 28 U.S.C. § 1441(a), authorizes removal of civil actions brought in state court of which the federal district courts have original jurisdiction "[e]xcept as otherwise expressly provided by Act of Congress." Section 16(b) of the FLSA, 29 U.S.C. § 216(b), provides "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State Court of competent jurisdiction by any one or more employees. . . ." Plaintiffs argue the language "maintained . . . in any Federal or State Court of competent jurisdiction" means that plaintiffs have a right to both commence and maintain an action under FLSA in the forum of their choice. Plaintiffs argue this language reflects congressional policy of protecting "the little guy" and falls within the statutory exception to removal.

The Court notes the division of authority in the decisions on the issue of removal of FLSA cases; see 14 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure: Jurisdiction § 3729 (1979) and 1A J. Moore, Federal Practice ¶ 0.167[5] (2 ed. 1979); and Professor Moore's apparent disapproval of the decisions holding the FLSA bars removal, *id.* However; this member of the Court declines to depart from this Court's analysis of the removal of FLSA cases set forth in *Haun v. Retail Credit Co.*, 420 F.Supp. 859 (W.D.Pa.1976). Addressing the issue of removal of an action brought under the Fair Credit Reporting Act (FCRA), Judge Snyder drew a distinction between the language of the FCRA and the FLSA:

> [A]lthough the FSLA [sic] and the FCRA are similar in that both allow suit in state or federal court, the language of the two statutes is not identical. The FLSA permits a plaintiff to "maintain" an action in any other court of competent jurisdiction, whereas the FCRA provides that suit "may be brought" in any other court of competent jurisdiction. This slight change in language produces more than a slight change in meaning. The word "maintain" arguably carries the connotation that an action may not only be commenced but also carried on to conclusion.[5] Thus, one may argue that permitting a plaintiff to "maintain" his FLSA suit in state court is logically inconsistent with permitting the defendant to remove the action to federal court under § 1441(a). Therefore, when Congress used the word "maintain", it intended to create an express exception to the removal statute.[6]

[5] Webster's Third International Dictionary defines "maintain" as follows: "3. to preserve in: carry on: keep up: CONTINUE. . . ."

[6] See the cases holding that the FLSA bars removal, note 4 *supra. Id.* at 862.

Judge Snyder summarized the policy considerations underlying decisions holding the FLSA bars removal:

> Some courts have noted in FLSA cases that the amount in controversy may be small and some plaintiffs in rural areas may be removed out of a suit if they are forced to suffer the expense and inconvenience of maintaining their suit in federal court many miles away. Therefore, they contend that Congress intended the FLSA to provide not only a broad basis for relief, but also a broad enforcement jurisdiction in a court of plaintiff's choosing, protected from a defendant's veto of forum. (Footnote omitted.) *Id.* at 862–863.

Given the disposition of the FLSA issue, it is inappropriate to address the issue of whether plaintiffs' contract allegations necessarily state claims under section 301(a) of LMRA. The motions to remand will be granted and the instant actions will be remanded to the Court of Common Pleas of Lawrence County, Pennsylvania. An appropriate order shall issue.