William **NESBITT**, Plaintiff,

v.

The **BUN BASKET, INC.**, Defendant.

No. 1:91–CV–192.

United States District Court,
W.D. Michigan, S.D.

April 22, 1991.

Frederick J. Boncher, Schenk, Boncher & Prasher, Grand Rapids, Mich., for plaintiff.

Robert D. VanderLaan, Deborah M. Derby, Miller, Canfield, Paddock & Stone, Grand Rapids, Mich., for defendant.

OPINION

BENJAMIN F. GIBSON, Chief Judge.

Plaintiff William Nesbitt commenced this action in the Kent County Circuit Court

against The Bun Basket, Inc., a Michigan corporation with its principal place of business in Kent County, Michigan, alleging the breach of an implied employment contract and a violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq. Defendant timely removed the action to this Court.

■ Pending before the Court is the plaintiff's motion to remand this action to state court. The sole issue presented by the motion is whether the removal of an FLSA action to federal court is precluded by the language contained in Title 29 United States Code Section 216(b). The pertinent part of that section states that an "[a]ction to recover the liability prescribed in either of the preceding sentences may be maintained ... in any federal or state court of competent jurisdiction...." 29 U.S.C. § 216(b).

The plaintiff argues that the usage of the phrase "may be maintained" creates an exception to the general removal statute, see 28 U.S.C. § 1441. He asserts that the use of "may be maintained" means more than concurrent state and federal jurisdiction over FLSA suits. Rather, according to the plaintiff, it means that Congress intended any FLSA action begun in a state court be concluded there. To support his position, the plaintiff relies heavily on several cases from the 1940s holding that FLSA claims may not be removed to federal court. Johnson v. Butler Bros., 162 F.2d 87 (8th Cir.1947); Maloy v. Friedman, 80 F.Supp. 290 (N.D.Ohio 1948); Garner v. Mengel Co., 50 F.Supp. 794 (W.D.Ky.1943); Kuligowski v. Hart, 43 F.Supp. 207 (N.D.Ohio 1941).

However, in 1948, the general removal statute was amended to provide that civil actions may be removed "[e]xcept as otherwise expressly provided by Act of Congress." 28 U.S.C. § 1441(a). While several post–1948 district court decisions have held that FLSA actions begun in state court may not be removed to federal court, e.g., Carter v. Hill & Hill Truck Line, 259 F.Supp. 429 (S.D.Tex.1966); Wilkins v. Renault Southwest, Inc., 227 F.Supp. 647 (N.D.Tex.1964), this Court believes that

more persuasive authority supports a conclusion that they are removable.

Since 1948, two courts of appeals have addressed the issue of whether FLSA actions are removable. The First Circuit has concluded that such actions are removable due to the lack of clear and unambiguous statutory statement to the contrary. Cosme Nieves v. Deshler, 786 F.2d 445, 450–51 (1st Cir.), cert. denied, 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47 (1986). In its opinion, the Court concluded that the phrase "may be maintained" was too ambiguous to constitute an express prohibition against removal. Id. at 451. Moreover, the Ninth Circuit has suggested that FLSA actions are removable to federal court. Emrich v. Touche Ross & Co., 846 F.2d 1190, 1196 (9th Cir.1988).

This Court believes that the phrase "may be maintained" should not be construed as an expressed prohibition against removal. A number of federal statutes clearly and unequivocally prohibit removal of federal causes of action commenced in state court. See, e.g., Federal Employers' Liability Act, 45 U.S.C. §§ 51–60; 28 U.S.C. § 1445(a); Jones Act, 46 U.S.C.App. § 688; Securities Act of 1933, 15 U.S.C. § 77v(a). See also 28 U.S.C. § 1445(c) (workers' compensation claims arising under state law). When the phrase "may be maintained" is compared to those statutes, this Court, like the First Circuit, can only conclude that the former, at best, merely suggests that FLSA claims may not be removable to federal court. Cosme Nieves, 786 F.2d at 451. A mere suggestion should not be construed as expressly stating Congressional intent. E.g., Pueblo Int'l, Inc. v. DeCardona, 725 F.2d 823, 827 (1st Cir.1984); 1A J. Moore & B. Ringle, Moore's Federal Practice ¶ 0.167[5] (2d ed. 1990).

■ In the alternative, the plaintiff argues that this case should be remanded to state court since the contract action is the more significant of his two claims. Since the gravamen of his complaint is the contract claim and state courts have concurrent jurisdiction over FLSA claims, he maintains that this Court should remand this action to state court. However, the

mere existence of concurrent jurisdiction, standing alone, is not a sufficient reason to remand an otherwise removable action. *Aben v. Dallwig*, 665 F.Supp. 523, 525 (E.D.Mich.1987) (citing cases).

Nevertheless, the Court will remand his contract claim to state court. If a separate and independent federal claim is joined with an otherwise non-removable claim, the district court has the discretion to remand the non-removable claim to state court. 28 U.S.C. § 1441(c).

When a plaintiff seeks recovery for a single wrong under various legal theories, he is not asserting separate and independent ones. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14, 71 S.Ct. 534, 540, 95 L.Ed. 702 (1951); *Wayne County–MEA/NEA v. Romulus Community Schools (In re Romulus Community Schools)*, 729 F.2d 431, 434 (6th Cir.1984); 28 U.S.C. § 1441(c). In the present case, the plaintiff alleges not one but two wrongs. He maintains that his employer failed to pay him overtime in violation of the FLSA and breached an implied employment contract when it decided to terminate his employment. According to the plaintiff, the resolution of the first claim will turn on whether he devoted more than half of his time to supervisory duties. Complaint at ¶ 4. The second claim will be resolved in the plaintiff's favor only if he establishes the existence of an implied employment contract and its breach. *Toussaint v. Blue Cross & Blue Shield*, 408 Mich. 579, 292 N.W.2d 880 (1980). Proving one of these claims will be of little, if any, assistance to the establishment of the other. Moreover, the complaint does not allege that the plaintiff was discharged in retaliation for complaining about the defendant's alleged failure to comply with the FLSA. *Kitchen v. Chippewa Valley Schools*, 825 F.2d 1004, 1010 (6th Cir.1987). Therefore, it cannot be said that the two claims are the result of a single ongoing wrong. *Id.* Absent such a conclusion, they must be considered separate and independent claims.

Since the plaintiff's causes of action do not arise from a common nucleus of operative fact, *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966), the Court will not exercise its pendent jurisdiction over the otherwise non-removable contract claim. Rather, it will remand this cause of action to state court.

For the reasons stated above, the plaintiff's motion to remand is granted in part and denied in part. The plaintiff's breach of contract claim is remanded to the Kent County Circuit Court and this Court will retain jurisdiction over the FLSA claim.