Yvonne ESQUIVEL, et al., Plaintiffs,

v.

**ST. ANDREWS CONSTRUCTION, Defendant.**

No. 4:98–CV–144–A.

United States District Court, N.D. Texas, Fort Worth Division.

March 30, 1998.

Brenda Kay Cornish, Law Office of B. C. Cornish, Fort Worth, TX, for Plaintiffs.

David Fielding, Jeff Lee Jones, Fielding Barrett & Taylor, Fort Worth, TX, for Defendant.

## ORDER

McBRYDE, District Judge.

Came on for consideration the motion of plaintiffs, Yvonne Esquivel and Twella Walker, (collectively "plaintiffs") to remand. The court, having considered plaintiffs' motion and brief in support, the brief in support of removal filed by defendant, St. Andrews Construction, ("St.Andrews"), the record, and applicable authorities, finds that the motion should be granted and the action remanded to the state court from which it was previously removed.

The question presented is whether claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219, are removable; and, as indicated by the court in its February 22, 1998, order, there is a considerable split of authority on that issue. Decisions rejecting removal include: *Johnson v. Butler Bros.*, 162 F.2d 87 (8th Cir.1947); *Pauly v. Eagle Point Software Co., Inc.*, 958 F.Supp. 437 (N.D.Iowa 1997); *Bintrim v. Bruce–Merilees Elec. Co.*, 520 F.Supp. 1026 (W.D.Pa.1981); *Haun v. Retail Credit Co.*, 420 F.Supp. 859 (W.D.Pa.1976); *Carter v. Hill and Hill Truck Line, Inc.*, 259 F.Supp. 429 (S.D.Tex.1966), and *Wilkins v. Renault Southwest, Inc.*, 227 F.Supp. 647 (N.D.Tex. 1964). Contrary decisions permitting removal include: *Cosme Nieves v. Deshler*, 786 F.2d 445 (1st Cir.), *cert. denied*, 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47 (1986); *Winebarger v. Logan Aluminum, Inc.*, 839 F.Supp. 17 (W.D.Ky.1993); *Nesbitt v. Bun Basket, Inc.*, 780 F.Supp. 1151 (W.D.Mich.1991); and *Ramos v. H.E. Butt Grocery Co.*, 632 F.Supp. 342 (S.D.Tex.1986).

The crux of the controversy regarding the removability of FLSA claims lies at the intersection of 29 U.S.C. § 216(b), which provides that an action for a FLSA violation "may be maintained ... in any Federal or State court of competent jurisdiction," and the general removal statute, 28 U.S.C. § 1441(a), which authorizes removal of any civil action brought in a state court of which the federal district courts have original jurisdiction, "[e]xcept as otherwise expressly provided by Act of Congress," 28 U.S.C. § 1441(a). Plaintiffs contend that remand is appropriate because the language of § 216(b) constitutes an express bar to removal under § 1441(a). For the reasons set forth below, the court is convinced that the better reasoning supports plaintiffs' position.

The Supreme Court has stated unequivocally that "[t]he touchstone of the federal district court's removal jurisdiction is ... the intent of Congress." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 66, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987). In the case of FLSA claims, congressional intent to preserve the plaintiff's choice of forum can be gleaned first from the plain language of § 216(b), which provides, in no uncertain terms, that an action pursuant to that act may be *"maintained* in any Federal or State court of competent jurisdiction." (emphasis added.) *Black's Law Dictionary* defines the word "maintained" as "[c]arried on; kept possession and care of; kept effectively; commenced and continued." BLACK'S LAW DICTIONARY 953 (6th ed.1990). Consistent with this interpretation, the Supreme Court has twice announced in interpreting a federal

statute that "to maintain a suit is to uphold, continue on foot and keep from collapse a suit already begun." *George Moore Ice Cream Co. v. Rose,* 289 U.S. 373, 377, 53 S.Ct. 620, 77 L.Ed. 1265 (1933); *Smallwood v. Gallardo,* 275 U.S. 56, 61, 48 S.Ct. 23, 72 L.Ed. 152 (1927).

The conclusion that Congress intended this construction of the word "maintain" is further reinforced by a comparison of the language of § 216(b) with that of other statutes, such as the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681–1681t, which provides that an action pursuant to that act "may be brought" in any appropriate federal district court or in "any other court of competent jurisdiction," 15 U.S.C. § 1681(p). The language of the two statutes is unquestionably similar—but certainly not identical. This, of course, suggests that by using "maintain" in § 216(b), Congress intended to accomplish more than merely conferral of concurrent jurisdiction over such claims.[1] This pronounced distinction between the language of FLSA and FCRA, and the conclusion drawn by the court therefrom, was not lost on the court in *Haun,* which observed:

This slight change in language produces more than a slight change in meaning. The word "maintain" arguably carries the connotation that an action may not only be commenced but also carried on to conclusion. Thus, one may argue that permitting a plaintiff to "maintain" his FLSA suit in state court is logically inconsistent with permitting the defendant to remove the action to federal court under § 1441(a).

420 F.Supp. at 862(citations and footnotes omitted); *see also Bintrim,* 520 F.Supp. at 1027(citing *Haun* ). For these reasons, it is, in the court's view, abundantly clear that "Congress intended ... that [FLSA] cases ... should not be subject to removal[.]" *Johnson,* 162 F.2d at 89;[2] *Haun,* 420 F.Supp. at 862.

Finally, the court's reading of § 216(b) is confirmed by a 1958 Senate report, which report "leaves no room for doubt that the Congress ... thought that the *Johnson* case correctly stated the law [when it held that FLSA claims are not removable]." *Wilkins,* 227 F.Supp. at 648. The report provides:

Congress itself has recognized the inadvisability of permitting removal of cases arising under its own laws which are similar to the workmen's compensation acts of the States. In the Jones Act, the Fair Labor Standards Act, and the Railway Employers' Liability Act ... the Congress has given the workman the option of filing his case in either the State court or the Federal court. If filed in the State courts the law prohibits removal to the Federal court.

S.Rep. No. 85–1830, at 8 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3106. While the court recognizes that the report did not directly concern FLSA or § 1441(a), the report is a direct statement that Congress clearly believed—even after it had amended § 1441(a) in 1948—that "the law prohibits removal [of FLSA actions] to the Federal court."[3] *Id.* Therefore,

---

**1.** The court recognizes that Congress, in some statutes, has used words different from those found in FLSA to express its prohibition against removal. For example, the Securities Act of 1933 provides that "[n]o case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v(a). However, the court is convinced that Congress has simply chosen to manifest its intent to prohibit removal of certain types of actions through differing forms of "expressness."

**2.** Although the continued vitality of the *Johnson* decision has been questioned in light of the 1948 amendment to 28 U.S.C. § 1441(a), which added the language "[e]xcept as otherwise expressly provided by Act of Congress," *see Cosme Nieves v. Deshler,* 786 F.2d 445, 451 (1st Cir.), *cert. denied,* 479 U.S. 824, 107 S.Ct. 96, 93 L.Ed.2d 47

(1986)(criticizing *Johnson* ), the mere fact that *Johnson* was decided prior to the 1948 amendment "cannot overcome the more fundamental point ... that the *Johnson* court issued an express holding on the question of Congress's intent under the FLSA." *Pauly v. Eagle Point Software Co., Inc.,* 958 F.Supp. 437, 438–39 (N.D.Iowa 1997).

**3.** A few courts permitting removal have reasoned that, because Congress did not mention FLSA claims in 28 U.S.C. § 1445 (prohibiting the removal of certain types of actions), such suits are removable. *See, e.g., Niswander v. Paul Hardeman, Inc.,* 223 F.Supp. 74 (E.D.Ark.1963); *Asher v. William L. Crow Const. Co.,* 118 F.Supp. 495 (S.D.N.Y.1953). However, those courts failed to recognize that the legislative history of the 1958 amendment to § 1445 suggests that Congress did

The court ORDERS that plaintiffs' motion to remand be, and is hereby, granted, and that the above-captioned cause be, and is hereby, remanded to the 342nd Judicial District Court of Tarrant County, Texas.

## FINAL JUDGMENT OF REMAND

Consistent with the order signed by the court this same day,

The court ORDERS, ADJUDGES, and DECREES that the above-captioned cause be, and is hereby, remanded to the 342nd Judicial District Court of Tarrant County, Texas.

not include FLSA claims in the language of the amendment because of its belief that it did not need to do so for those claims to be non-removable.