Biff CHAPMAN, Plaintiff,

v.

8TH JUDICIAL JUVENILE PROBATION BOARD and Hopkins County, TX., Defendants.

No. 3:98–CV–041.

United States District Court, E.D. Texas.

Oct. 1, 1998.

Larry A Powers, Powers & Blount, Sulphur Springs, TX, for Plaintiff.

Robert Scott Davis, Cooper Flowers et al., Tyler, TX, Louis Charles Edmond Van Cleef, Cooper Flowers Davis Fraser & Derryberry, Tyler, TX, for Defendants.

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND

SCHELL, Chief Judge.

The matter before the court is Plaintiff Biff Chapman's Motion to Remand (Dkt.# 3), filed July 1, 1998. To date, Defendants have filed no response. Through his motion, Plaintiff asks the court to conclude that claims brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* cannot be removed to federal court. For the reasons outlined below, the court is of the opinion that Plaintiff's motion should be DENIED.

### DISCUSSION

This action was originally filed in the 62nd Judicial District Court of Hopkins County, Texas, on May 11, 1998. Plaintiff, a former juvenile probation officer, claims that Hop-

kins County and the 8th Judicial Juvenile Probation Board violated the FLSA by refusing to compensate him for 398 hours of overtime worked during the term of his employment. Plaintiff also contends that Defendants' conduct constitutes a breach of the parties' oral employment contract. On June 10, 1998, Defendants filed a notice of removal claiming that this court has federal question jurisdiction over Plaintiff's FLSA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiff's contract claim pursuant to 28 U.S.C. § 1367. Plaintiff timely filed a Motion to Remand on July 1, 1998, asserting that FLSA claims are not removable. The two issues before the court are whether federal question jurisdiction exists here and whether Plaintiff's FLSA claim is subject to removal from state court.

■ The first of these two questions is easily answered in the affirmative. A federal court has federal question jurisdiction if a case "arises under" the laws of the United States. *See* 28 U.S.C. § 1331. Because the FLSA is a federal statute and expressly provides for original jurisdiction in federal court, there can be no dispute that Plaintiff's FLSA claim arises under federal law. *See* 29 U.S.C. § 216(b). Moreover, because Plaintiff's contract claim is part of the same case or controversy, supplemental jurisdiction over that claim is proper as well. *See* 28 U.S.C. § 1367(a). Thus, this court clearly has federal question jurisdiction to support removal of this case.

■ When attempting to answer the remaining question of whether FLSA claims originally brought in state court are subject to removal to federal court, the court confronts a split of authority. Concluding that removal is impermissible, one line of cases focuses on the language found in § 216(b) of the FLSA that says "[a]n action may be *maintained* ... in any Federal or State court of competent jurisdiction." Those cases narrowly construe the term "maintained" to refer only to the continuation of an action that has already been brought, taking the position that a case that is commenced in state court must remain in state court.[1] That line of cases has its genesis in the Eighth Circuit's decision in *Johnson v. Butler*, 162 F.2d 87, 89 (8th Cir.1947), which held that by using the phrase "may be maintained," Congress demonstrated its intent to grant plaintiffs the absolute right to designate the forum in which their lawsuits will both be brought and prosecuted to final judgment.

Another line of authority rejects *Johnson* and its progeny in favor of the view that removal of FLSA claims is authorized by the general removal statute, 28 U.S.C. § 1441.[2] That statute provides: "Except as otherwise

---

1. *See, e.g., Johnson v. Butler*, 162 F.2d 87, 89 (8th Cir.1947); *Pauly v. Eagle Point Software Co., Inc.*, 958 F.Supp. 437 (N.D.Iowa 1997); *Bintrim v. Bruce–Merilees Elec. Co.*, 520 F.Supp. 1026 (W.D.Pa.1981); *Carter v. Hill & Hill Truck Line, Inc.*, 259 F.Supp. 429 (S.D.Tex.1966); *Wilkins v. Renault Southwest, Inc.*, 227 F.Supp. 647 (N.D.Tex.1964); *Rolon v. Flexicore Co. of Puerto Rico*, 216 F.Supp. 954 (D.P.R.1963); *Dando v. Stonhard Co.*, 93 F.Supp. 270 (W.D.Mo.1950); *Maloy v. Friedman*, 80 F.Supp. 290 (N.D.Ohio 1948); *Garner v. Mengel Co.*, 50 F.Supp. 794 (W.D.Ky.1943); *Kuligowski v. Hart*, 43 F.Supp. 207 (N.D.Ohio 1941).

2. *See, e.g., Cosme Nieves v. Deshler*, 786 F.2d 445, 451 (1st Cir.1986); *Bingham v. Newport News Shipbuilding & Drydock Co.*, 3 F.Supp.2d 691 (E.D.Va.1998); *Lisai v. Chevron Stations, Inc.*, No. Civ.A. 3:97–CV–1288–G, 1997 WL 694705 (N.D.Tex. Nov.4, 1997); *Barrois v. Title*, No. Civ.A. 96–727, 1996 WL 312063 (E.D.La. June 10, 1996); *Stephens v. LJ Partners*, 852 F.Supp. 597 (W.D.Tex.1994); *Winebarger v. Logan Aluminum, Inc.*, 839 F.Supp. 17 (W.D.Ky.1993); *Loutfy v. R.R. Donnelley & Sons Co.*, No. 92 C 01660, 1992 WL 97761 (N.D.Ill. May 4, 1992); *Waldermeyer v. ITT Consumer Financial Corp.*, 767 F.Supp. 989 (E.D.Mo.1991); *Nesbitt v. Bun Basket, Inc.*, 780 F.Supp. 1151 (W.D.Mich.1991); *Jacobson v. Holiday Travel, Inc.*, 110 F.R.D. 424 (D.C.Wis.1986); *Ramos v. H.E. Butt Grocery Co.*, 632 F.Supp. 342 (S.D.Tex.1986); *Cosme Nieves v. Deshler*, 561 F.Supp. 1173 (D.P.R.1983); *Taylor v. Brown*, 461 F.Supp. 559 (E.D.Tenn.1978); *Barrett v. McDonald's of Oklahoma City*, 419 F.Supp. 792 (W.D.Okla.1976); *Anthony v. West Coast Drug Company*, 331 F.Supp. 1279 (W.D.Wash.1971); *Hill v. Moss–American, Inc.*, 309 F.Supp. 1175 (N.D.Miss.1970); *Niswander v. Paul Hardeman, Inc.*, 223 F.Supp. 74 (E.D.Ark. 1963); *Buckles v. Morristown Kayo Co.*, 132 F.Supp. 555 (E.D.Tenn.1955); *Green v. Fluor Corp.*, 122 F.Supp. 224 (S.D.N.Y.1954); *Rossi v. Singer Sewing Mach. Co.*, 127 F.Supp. 53 (D.Conn.1953); *Asher v. William L. Crow Constr. Co.*, 118 F.Supp. 495 (S.D.N.Y.1953); *Korell v. Bymart, Inc.*, 101 F.Supp. 185 (E.D.N.Y.1951); *Aaker v. Kaiser Co.*, 74 F.Supp. 55 (D.Or.1947).

expressly provided by Act of Congress, any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant...." 28 U.S.C. § 1441(a). This latter line of cases holds that because there is nothing in the FLSA or any other statute that "expressly provides" for nonremovability of FLSA cases, § 1441(a) provides clear authority for such removals. Observing that the language "expressly provided by Act of Congress" was added to § 1441(a) shortly after the Eighth Circuit decided *Johnson,* those courts believe that *Johnson's* reading of the FLSA is incompatible with § 1441(a)'s requirement that nonremovability be stated expressly.

The only federal appeals court to directly address the removability of FLSA cases after *Johnson* was the First Circuit in *Cosme Nieves v. Deshler,* 786 F.2d 445 (1st Cir. 1986). Rejecting *Johnson,* that court concluded that removal must be permitted under § 1441(a) given the absence of an explicit statutory directive abrogating the right to remove FLSA suits. *See id.* at 451. In affirming the district court's denial of a motion to remand in that case, the *Cosme Nieves* court stated: "Congress has made it plain that the right of removal is to stand absent an express provision to the contrary, and it is the responsibility of Congress, not the courts, to speak on the matter if it wishes to foreclose removal of FLSA cases." *Id.*

The Fifth Circuit has not yet weighed in on the debate surrounding the removability of FLSA cases. Given the absence of binding precedent and the split of authority on this matter, Plaintiff invites the court to adopt the approach represented by the *Johnson* line of cases. After carefully reviewing the competing authorities, however, the court finds the reasoning of the courts that permit removal of FLSA claims to be more persuasive. Several factors support this conclusion.

First, the court finds § 1441 to be quite clear in its mandate that removal must be permitted unless there is express statutory language prohibiting removal. Indeed, the Fifth Circuit has characterized § 1441 as creating a "broad right of removal" and has emphasized that absent "an express declara-

tion by Congress to the contrary," removal is proper whenever there is concurrent original jurisdiction in both federal and state courts. *Baldwin v. Sears, Roebuck & Co.,* 667 F.2d 458, 459–60 (5th Cir.1982). There are several federal statutes that clearly and unequivocally prohibit removal of various federal causes of action. *See, e.g.,* Federal Employers' Liability Act, 45 U.S.C. §§ 51–60; 28 U.S.C. § 1445; Jones Act, 46 U.S.C.App. § 688; Securities Act of 1933, 15 U.S.C. § 77v(a). Hence, "[i]f Congress wished to give plaintiffs an absolute choice of forum, it has shown itself capable of doing so in unmistakable terms, and it could easily have done so [in the FLSA]." *Cosme Nieves,* 786 F.2d at 451 (internal footnote omitted). Yet, this court has been unable to locate any federal statute that so unmistakably prohibits removal of FLSA cases that it can be said that Congress has "expressly provided" that such actions are nonremovable.

■ Importantly, FLSA actions are not enumerated among those causes of action that are nonremovable under 28 U.S.C. § 1445, nor does the FLSA itself expressly bar removal. The use of the phrase "may be maintained" in § 216(b) of the FLSA does not constitute an express statement of nonremovability but is, at best, ambiguous. The term "express" has been defined as "[c]lear; definite; explicit; plain; direct; unmistakable; not dubious or ambiguous." *Black's Law Dictionary* 580 (6th ed.1990). While the court recognizes that the phrase "may be maintained" can be interpreted to refer to actions that have already been brought but not yet reduced to judgment, it must also be remembered that "[t]o maintain an action or suit may [also] mean to commence or institute [the action or suit]." *Black's Law Dictionary* 953 (6th ed.1990). A term that is reasonably susceptible to two competing definitions cannot be considered unmistakable or unambiguous. The very fact that courts are divided over the import of the term "maintained" in the FLSA context is itself evidence of the term's ambiguity. In short, because the phrase "may be maintained" does not rise to the level of explicitness required by § 1441(a), the court finds that it does not

constitute an express proscription on removal of FLSA actions.

In reaching this conclusion, the court is not unmindful of the legislative history relied upon by the *Johnson* line of cases stating that "the law prohibits removal to the Federal court" and otherwise discussing the "inadvisability of permitting removal of cases arising under" such laws as the FLSA. S.Rep. No. 85–1830, at 8 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3106. That legislative history, however, is not directly applicable here. As the First Circuit has explained: "[T]he amendment under discussion [in that Senate Committee report] involved 28 U.S.C. § 1445, making state workmen's compensation cases non-removable, and neither 28 U.S.C. § 1441 nor 29 U.S.C. § 216(b) is mentioned or affected by the amendment." *Cosme Nieves*, 786 F.2d at 451 n. 18. Moreover, § 1441(a) requires that an express prohibition against removability be set forth in an "Act of Congress," not in the legislative history of a neighboring statute. Indeed, the act of referring to tangential legislative history merely underscores the fact that the statute at issue is not explicit on its face. Thus, the court finds that the legislative history does not compel the conclusion that FLSA cases are not removable.

In concluding that FLSA cases are removable, the court also notes that its decision is consistent with those of most other courts that have considered the question presented here. Indeed, the modern trend clearly favors removability of FLSA cases. *See supra,* n. 2. As was stated by one district court within the Eighth Circuit that felt precedent-bound to follow *Johnson,* "since the decision in *Johnson,* the majority of district courts, and the only circuit courts which have addressed the removal issue, have concluded that *Johnson* is no longer a good authority in light of the 1948 amendment to § 1441(a)." *Pauly v. Eagle Point Software Co.,* 958 F.Supp. 437, 439 (N.D.Iowa 1997). *See also* 14A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3729 (2d ed. 1985 & Supp.1998) (noting that the majority of courts have found in favor of removability of FLSA cases); 1A James W. Moore & Brett A.

Ringle, Moore's Federal Practice ¶ 0.165[5] (2d ed.1990) (same).

Furthermore, while it is true that the Fifth Circuit has not had occasion to rule on the matter directly, it has not left the court without guidance. For example, in *Baldwin,* the court found that statutory language analogous to that contained in the FLSA did not constitute an express congressional prohibition against removal. 667 F.2d at 459–60. In that case, the court considered a claim brought under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 626 *et seq.,* which incorporates the enforcement rules of § 216(b) of the FLSA. After analyzing the ADEA's provision that a plaintiff "may bring a civil action in any court of competent jurisdiction," the *Baldwin* court stated:

> This language clearly suggests that a plaintiff may institute suit based on the ADEA in either state or federal court. It does not indicate an intent on the part of Congress, however, to allow a plaintiff to prosecute the suit to final judgment in that court. In short, we find no express prohibition against removal pursuant to 28 U.S.C. § 1441(a).

*Id.* at 460. While not directly on point, the Fifth Circuit's treatment of this comparable statutory language is instructive.

Also instructive is *Baldwin*'s brief discussion of the Eighth Circuit's decision in *Johnson.* The court implicitly called into question the continuing viability of *Johnson* after the 1948 amendments to § 1441 when the court found it "important to note" that *Johnson* was decided before the phrase "except as otherwise expressly provided by Act of Congress" was added to § 1441(a). *Id.* at 460 n. 4. The *Baldwin* court went on to state that the inclusion of that language in § 1441(a) "puts the removability of FLSA actions in a very different light." *Id.* While these comments are arguably dicta, they do offer some insight when addressing an unsettled area of the law.

In sum, after carefully considering Plaintiff's Motion to Remand in light of all applicable authorities, the court concludes that removal was proper in this case. Despite Defendants' apparent non-opposition to

Plaintiff's motion and the various equitable considerations in favor of permitting Plaintiff to pursue his case in a more convenient state forum, the court has no discretion to remand a properly removed federal cause of action unless state law predominates. *See Eastus v. Blue Bell Creameries,* 97 F.3d 100, 106 (5th Cir.1996); *Buchner v. Federal Deposit Insurance Corp.,* 981 F.2d 816, 819 (5th Cir. 1993). Because state law does not predominate in this case, remand is inappropriate.

## CONCLUSION

For the foregoing reasons, the court hereby ORDERS that Plaintiff Biff Chapman's Motion to Remand be DENIED.