Brandon **VALDIVIESO and David Kick-zales, on behalf of themselves and all others similarly situated Plaintiffs**

v.

**ATLAS AIR, INC. Defendant**

**No. 00–7426–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Jan. 18, 2001.

William R. Amlong, Amlong & Amlong, P.A., Fort Lauderdale, FL, for Plaintiffs.

Raul A. Arencibia, Kilpatrick Stockton, LLP, Miami, FL, for Defendant.

## ORDER DENYING MOTION TO REMAND

JORDAN, District Judge.

Brandon Valdivieso and David Kickzales filed this case in Florida circuit court alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* Atlas Air, Inc. timely removed the case pursuant to 28 U.S.C. § 1441, alleging that federal jurisdiction is proper under 28 U.S.C. § 1331. The plaintiffs have moved to remand the case to state court, arguing that the FLSA forbids the removal of cases to federal court. For the following reasons, the motion to remand [D.E. 8] is DENIED.

█ The plaintiffs argue that the language of the FLSA prohibits defendants from removing cases filed in state court. The FLSA provides that an action brought to enforce its provisions "may be maintained against any employer ... in any Federal or State court of competent jurisdiction." 29 U.S.C. § 216(b). The plaintiffs place great importance on the use of the word "maintained," and argue that because the statute uses the word "maintained," as opposed to "brought," FLSA suits filed in state court are not removable. Atlas argues that the FLSA, when read in conjunction with 28 U.S.C. § 1441, does not prohibit removal. In relevant part, § 1441 states that any civil action brought in state court, over which jurisdiction would be proper in federal court, can be removed "[e]xcept as otherwise expressly provided by Act of Congress." Atlas contends that the FLSA is not an express prohibition within the meaning of § 1441.

The authority on this point is currently divided, and of the only two circuit courts to squarely consider the question, one prohibited removal and one allowed it. *Compare Johnson v. Butler Bros.,* 162 F.2d 87, 88–90 (8th Cir.1947) (prohibiting removal) *with Cosme Nieves v. Deshler,* 786 F.2d 445, 450–51 (1st Cir.1986) (allowing removal). *See also Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1196 (9th Cir.1988) (discussing removability generally, and stating that the FLSA is an example of a statute that allows cases to be brought in any court of competent jurisdiction and "contain[s] no limitation on removal, express or otherwise, to bar removal as required under § 1441(a)"); *Baldwin v. Sears, Roebuck & Co.,* 667 F.2d 458, 460–

61 (5th Cir.1982) (holding that ADEA actions, which are enforced under the FLSA, are removable, but recognizing the split of authority on the removability of FLSA actions and reserving ruling on that question). In *Johnson*, which was decided over fifty years ago, the Eighth Circuit held that Congress' use of the phrase "may be maintained in any court of competent jurisdiction" in § 216(b) indicated an intent to allow plaintiffs asserting FLSA claims to prosecute them to final judgment in whichever court they chose. 162 F.2d at 89. The *Johnson* panel concluded that cases under the FLSA were excepted from the effect of § 1441, which, at that time, did not contain the requirement that such statutory exception be express. *Id.* at 89–90. On the other hand, the First Circuit, in the only appellate opinion to address this issue after the 1948 amendment to § 1441, decided that cases brought under the FLSA in state court were removable to federal court. *See Cosme Nieves*, 786 F.2d at 451. The First Circuit reasoned that the FLSA "lack[ed] an explicit statutory directive" which would prohibit removal, and that the phrase "may be maintained" was "ambiguous; at best [it is] suggestive." *Id.*

Unlike the circuit courts, district courts have not been so evenly split on whether to permit removal of FLSA cases that originate in state court. Some district courts have followed *Johnson*, holding that Congress' use of the word "maintained" is an express exception to the removal statute. *See, e.g., Lopez v. Wal–Mart Stores, Inc.*, 111 F.Supp.2d 865, 867 (S.D.Tex. 2000); *Esquivel v. St. Andrews Constr.*, 999 F.Supp. 863, 865 (N.D.Tex.1998); *Lemay v. Budget Rent A Car Systems, Inc.*, 993 F.Supp. 1448, 1451 (M.D.Fla.1997); *Pauly v. Eagle Point Software Co.*, 958 F.Supp. 437, 438–39 (N.D.Iowa 1997); *Courtwright v. Board of Regents*, No. 91–0846–CV–W–3, 1991 WL 255594, at *1 (W.D.Mo. Nov. 22, 1991); *Wilkins v. Renault Southwest, Inc.*, 227 F.Supp. 647, 647 (N.D.Tex.1964). Several of these courts have also based their holding on legislative history, citing to a 1958 Senate Report which they characterize as evidence of the congressional intent that FLSA actions not be removed. *See Esquivel*, 999 F.Supp. at 865; *Wilkins*, 227 F.Supp. at 648. That Senate Report states:

> Congress itself has recognized the inadvisability of permitting removal of cases arising under its own laws which are similar to the workmen's compensation acts of the states. In the Jones Act, the Fair Labor Standards Act, and the Railway Employers' Liability Act, all of which are in the nature of workmen's compensation cases, the Congress has given the workman the option of filing his case in either the state court or the federal court. If filed in the state courts the law prohibits removal to the Federal court.

S.Rep. No. 85–1830 (1958), *reprinted in* 1958 U.S.C.C.A.N. 3099, 3106. The courts relying on this excerpt have concluded that the report is clear evidence of congressional intent on the nonremovability of FLSA claims after the amendment of § 1441. *See Esquivel*, 999 F.Supp. at 865 ("[T]he report is a direct statement that Congress clearly believed—even after it had amended § 1441 in 1948—that 'the law prohibits removal (of FLSA actions) to the Federal court.' "); *Wilkins*, 227 F.Supp. at 648 ("[T]he Senate report leaves no room for doubt that the Congress, which creates and delineates the jurisdiction of federal district courts, thought that the *Johnson* case correctly stated the law.").

The developing majority view, however, is that FLSA actions are removable. *See, e.g., Bingham v. Newport News Shipbuilding & Drydock Co.*, 3 F.Supp.2d 691, 692–94 (E.D.Va.1998); *Chapman v. 8th Judicial Juvenile Probation Bd.*, 22 F.Supp.2d 583, 584–86 (E.D.Tex.1998); *H & R Block, Ltd. v. Housden*, 24 F.Supp.2d 703, 705 (E.D.Tex.1998); *Troutt v. Stavola Bros., Inc.*, No. 4:94CV00417, 1994 WL 773148, at *1–2 (M.D.N.C. Dec. 27, 1994); *Winebarger v. Logan Aluminum, Inc.*, 839 F.Supp. 17, 18 (W.D.Ky.1993); *Loutfy v. R.R. Donnelley & Sons Co.*, No. 92 C 01660, 1992

WL 97761, at * 2 (N.D.Ill. May 4, 1992); *Nesbitt v. Bun Basket, Inc.,* 780 F.Supp. 1151,1152 (W.D.Mich.1991); *Waldermeyer v. ITT Consumer Fin. Corp.,* 767 F.Supp. 989, 990 (E.D.Mo.1991). These district courts have found that the FLSA's "may be maintained" language is not sufficiently explicit in light of Congress' amendment to § 1441. These courts have concluded, like *Cosme Nieves,* that the phrase "may be maintained" is ambiguous at best, and is consequently the very opposite of an express directive, as § 1441 now requires. *See, e.g., Bingham,* 3 F.Supp.2d at 693 (noting that Congress failed to clearly and accurately express its intent that FLSA claims were nonremovable) (citations omitted); *Winebarger,* 839 F.Supp. at 18 (allowing removal, and noting that "[p]laintiff's interpretation asks too much of the word maintain"). A close consideration of these issues compels me to agree with this conclusion.

The words "may be maintained" are not, in common or legal parlance, an express exemption from the general scope of the removal statute. I agree with the First Circuit that "the words 'expressly provided' [in § 1441] must be construed to mean exactly that." *Cosme Nieves,* 786 F.2d at 451 (citing *Pueblo Int'l, Inc. v. DeCardona,* 725 F.2d 823, 827 (1st Cir.1984)). For instance, Congress has "expressly provided" in 28 U.S.C. § 1445, captioned "Nonremovable cases," that cases arising under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60, may not be removed to federal court. Additionally, Congress has proven itself capable of imposing limits, rather than absolute bars, on removal. *See* 28 U.S.C. § 1445(b) (providing that cases arising under 49 U.S.C. § 11707 can not be removed unless the amount in controversy exceeds $10,000).

■ Although the 1958 Senate Report appears instructive at first blush, I do not find the reasoning of those courts relying on it persuasive for a number of reasons. As an initial matter, the context of the Senate hearing was the amount in controversy for federal diversity jurisdiction, not

a discussion of either the FLSA or § 1441. Moreover, Congress did not include the FLSA in 28 U.S.C. § 1445(c), which provides that actions brought under state workmen's compensation laws are not removable. Additionally, I agree with the observation of the district court in *Chapman* that "the act of referring to tangential legislative history merely underscores the fact that the statute at issue is not explicit on its face." 22 F.Supp.2d at 586. And, as the Supreme Court has reminded us recently, the best evidence of a statute's meaning is the text itself. *See Geier v. American Honda Motor Co.,* 529 U.S. 861, 120 S.Ct. 1913, 1932, 146 L.Ed.2d 914 (2000) (quoting *CSX Transp., Inc. v. Easterwood,* 507 U.S. 658, 664, 113 S.Ct. 1732, 123 L.Ed.2d 387 (1993)).

The Eleventh Circuit has not yet weighed in on this debate. The plaintiffs, however, argue that the Eleventh Circuit has implicitly adopted the view that FLSA claims are not removable in its discussion of the removability of claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681. *See Lockard v. Equifax, Inc.,* 163 F.3d 1259 (11th Cir.1998). *Lockard* holds that FCRA actions are removable, and that the statute does no more than give state courts concurrent jurisdiction. *Id.* at 1264–65. In reaching that decision, *Lockard* discussed the split of authority surrounding removal in FLSA actions. *See id.* The plaintiffs place particular emphasis on the Eleventh Circuit's observation that

it is arguable that allowing a plaintiff to 'maintain' an FLSA suit in state court is logically inconsistent with allowing the defendant to remove the action to federal court, and that when Congress chose the word 'maintain,' it intended to create an exception to the removal statute.... [T]he FLSA wording is arguable.

*Id.* at 1264. Several points convince me that I need not grant the motion to remand based on this excerpt from *Lockard.* First, the Eleventh Circuit's discussion is dicta, and no firm conclusion, much less a

holding, was reached about the removal of FLSA actions. *See McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1315 (11th Cir. 1998) (Carnes, J., concurring) (offering several rationales for the rule that "dicta in our opinions is not binding on anyone for any purpose"). Second, § 1441 requires an express provision to prohibit removal. The fact that the meaning of a statute is arguable is enough to cast aspersion on the contention that it is express. If the FLSA's phrasing were truly an express prohibition, there would likely be no split of authority, and the Eleventh Circuit could have pointed out that the language was clear. Third, I read *Lockard*'s observation that the FLSA's language is arguably a prohibition on removal as intended merely to highlight the fact that the FCRA's text is not even arguable.

The plaintiffs also argue that two policy considerations support the nonremovability of FLSA claims. First, the plaintiffs argue that workers attempting to enforce wage and hour laws are better equipped to bring such claims in state court. Second, the plaintiffs argue that remanding such cases "unclogs" the federal courts. Although both of these matters may implicate important policy considerations, they are reserved to Congress for resolution, and the language of § 216(b) simply cannot be stretched to meet the requirement in § 1441 that any exceptions to the general right of removal must be express. I simply do not believe that Congress is unable to be more express than the word "maintained," and I cannot disregard my interpretation of the statutory language in favor of policy considerations, regardless of how important or compelling the plaintiffs believe them to be. *See Cosme Nieves*, 786 F.2d at 451 (finding that the "express" requirement in § 1441 trumps the policy arguments both for and against removal)

In sum, I conclude that § 1441 and the FLSA, read together, permit the removal of FLSA actions. Although § 216(b) is certainly not a model of clarity, the rampant disagreement and ambiguity regarding its text make a convincing case that the FLSA was not intended to be an express exception to § 1441. Accordingly, the motion to remand [D.E. 8] is DENIED.