[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 05, 2002
THOMAS K. KAHN
CLERK

_____

No. 02-10252

_____

D. C. Docket No. 01-00763-CV-J-21TJC

PHILLIP T. BREUER,

Plaintiff-Appellant,

versus

JIM'S CONCRETE OF BREVARD, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 5, 2002)**

Before WILSON, RONEY and ALARCÓN\*, Circuit Judges.

PER CURIAM:

_____

\* Honorable Arthur L. Alarcón, U.S. Circuit Judge for the Ninth Circuit, sitting by
designation.

Plaintiff-appellant Phillip Breuer sued defendant-appellee Jim's Concrete of Brevard, Inc. in Florida state court for unpaid wages, liquidated damages, pre-judgment interest, and attorney's fees under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq.* Jim's Concrete removed the case to federal court pursuant to 28 U.S.C. §§ 1441, 1446, and Breuer subsequently moved to remand it back to state court. The United States District Court for the Middle District of Florida (Nimmons, J.) denied the motion for remand. An interlocutory appeal was certified. We affirm.

The question before this Court is whether the district court properly denied remand to state court on the ground that Congress did not expressly provide that an FLSA action, once started in state court, was not removable to federal court.

The argument turns on the interpretation of the words in the FLSA juxtaposed against the words in the removal statute. The removal statute, 28 U.S.C. § 1441(a), provides that any civil action brought in a state court over which the district courts of the United States have original jurisdiction may be removed by the defendant to the federal district court except as "**otherwise expressly provided by Act of Congress**." The FLSA, 28 U.S.C. § 216(b), provides that an action to recover under the statute "**may be maintained**" against any employer in any federal or state court of competent jurisdiction.

Appellant Breuer argues that the words "may be maintained" is an express provision by Congress that once an action is started in the state court, it must remain there and cannot be removed. Jim's Concrete argues that those words do not amount to such a Congressional express prohibition of removal as required by the removal statute.

In this matter of first impression for this Circuit, we follow the guidance of Judge Levin H. Campbell writing for the First Circuit in *Cosme Nieves v. Deshler,* 786 F.2d 445 (1st Cir. 1986). The court there held that without an "explicit statutory directive by Congress," FLSA cases may be removed from state court to federal court, and that § 216(b) was not such an express statutory prohibition against removal. *Id.* at 451. We adopt the reasoning of that opinion and it is unnecessary to repeat it here.

We note, as did the First Circuit, that the Eighth Circuit held in 1947 that FLSA cases brought in state court are not subject to removal. *Johnson v. Butler Bros.,* 162 F.2d 87 (8th Cir. 1947). One year after that decision, however, in 1948, Congress amended the general removal statute by adding the "except as otherwise expressly provided by Act of Congress" language. The Eighth Circuit focused on the "may be maintained" language of the FLSA and inferred that by those words, Congress intended to grant the plaintiff not only the right to file his action in state court, but also the right to prosecute the action to final judgment in that chosen forum. Interpreting

3

the intent of Congress from the inferential meaning of its statutes is a far different exercise, however, from looking at the plain meaning of a statute for an express provision, a task with which the Eighth Circuit was not faced in *Johnson v. Butler Bros.* Starting in 1946, two years before *Johnson v. Butler Bros.* and continuing to the present time, district courts across the country have been split on this issue, with the great majority of them permitting removal.[1,2,3]

---

[1]    For district court cases that have allowed removal, *see Ehle v. Williams & Boshea, L.L.C.,* Slip Copy, 2002 WL 373271 (E.D. La. 2002); *Hesni v. Williams & Boshea, L.L.C.,* Slip Copy, 2002 WL 373273 (E.D. La. 2002); *Shaw v. CF Data Corp.,* Slip Copy, 2001 WL 1326528 (N.D. Tex. 2001); *Roseman v. Best Buy Co., Inc.,* 140 F.Supp.2d 1332 (S.D. Ga. 2001); *Valdivieso v. Atlas Air, Inc.,* 128 F.Supp.2d 1371 (S.D. Fla. 2001); *Brown v. Sasser,* 128 F.Supp.2d 1345 (M.D. Ala. 2000); *Mincy v. Staff Leasing, L.P.,* 100 F.Supp.2d 1050 (D. Ariz. 2000); *Chapman v. 8th Judicial Juvenile Prob. Bd.,* 22 F.Supp.2d 583 (E.D. Tex. 1998); *H & R Block, Ltd. v. Housden,* 24 F.Supp.2d 703 (E.D. Tex. 1998); *Lisai v. Chevron Stations, Inc.,* 1997 WL 694705 (N.D. Tex. 1997); *Barrois v. Hilton Title,* 1996 WL 312063 (E.D. La. 1996); *Brown v. Luk, Inc.,* 1996 WL 280831 (N.D.N.Y. 1996); *Troutt v. Stavola Bros., Inc.,* 1994 WL 773148 (M.D.N.C. 1994); *Loutfy v. R.R. Donnelley & Sons Co.,* 1992 WL 97761 (N.D. Ill. 1992); *Waldermeyer v. ITT Consumer Fin. Corp.,* 767 F.Supp. 989 (E.D. Mo. 1991); *Nesbitt v. Bun Basket, Inc.,* 780 F.Supp. 1151 (W.D. Mich. 1991); *Isaac v. Wm. H. Pflaumer & Sons, Inc.,* 1990 WL 102808 (E.D. Pa. 1990); *Fraternal Order of Police, Red Rose Lodge No. 16 by Gainer v. City of Lancaster,* 1989 WL 60440 (E.D. Pa. 1989); *Spieth v. R & B Appliance Parts,* 1989 WL 56486 (D. Ariz. 1989); *Jacobson v. Holiday Travel, Inc.,* 110 F.R.D. 424 (E.D. Wis. 1986); *Ramos v. H.E. Butt Grocery Co.,* 632 F.Supp. 342 (S.D. Tex. 1986); *Taylor v. Brown,* 461 F.Supp. 559 (E.D. Tenn. 1978); *Barrett v. McDonald's of Okla. City,* 419 F.Supp. 792 (W.D. Okla. 1976); *Anthony v. West Coast Drug Co.,* 331 F.Supp. 1279 (W.D. Wash. 1971); *Hill v. Moss-Am., Inc.,* 309 F.Supp. 1175 (N.D. Miss. 1970); *Goettel v. Glenn Berry Mfrs., Inc.,* 236 F.Supp. 884 (N.D. Okla. 1964); *Niswander v. Paul Hardeman, Inc.,* 223 F.Supp. 74 (E.D. Ark. 1963); *Buckles v. Morristown Kayo Co.,* 132 F.Supp. 555 (E.D. Tenn. 1955); *Rossi v. Singer Sewing Mach. Co.,* 127 F.Supp. 53 (D. Conn. 1953); *Swettman v. Remington Rand, Inc.,* 65 F.Supp. 940 (S.D. Ill. 1946).

[2]    For district court cases that have denied removal, *see Lopez v. Wal-Mart Stores, Inc.,* 111 F.Supp.2d 865 (S.D. Tex. 2000); *Esquivel v. St. Andrews Const.,* 999 F.Supp.2d 863 (N.D. Tex. 1998); *Pauly v. Eagle Point Software Co., Inc.,* 958 F.Supp. 437 (N.D. Iowa 1997); *Courtwright v. Bd. of Regents of Cent. Mo. State Univ.,* 1991 WL 255594 (W.D. Mo. 1991); *Bintrim v. Bruce-Merilees Elec. Co.,* 520 F.Supp. 1026 (W.D. Pa. 1981); *Haun v. Retail Credit Co.,* 420 F.Supp. 859 (W.D. Pa. 1976); *Carter v. Hill & Hill Truck Line, Inc.,* 259 F.Supp. 429

In other statutes where Congress has expressly prohibited removal, it did so in direct, unequivocal language. *See, e.g.,* 28 U.S.C. § 1445; 15 U.S.C. § 77v(a); 15 U.S.C. § 1719; 15 U.S.C. § 3612.

28 U.S.C. § 1445 states that "(a) **A civil action in any State court** against a railroad or its receivers or trustees, arising under sections 51-60 of Title 45, **may not be removed** to any district court of the United States. (b) **A civil action in any State court** against a common carrier or its receivers or trustees to recover damages for delay, loss, or injury of shipments, arising under section 11707 of title 49, **may not be removed** to any district court of the Untied States unless the matter in controversy exceeds $10,000, exclusive or interest and costs. (c) **A civil action in any State court** arising under the workmen's compensation laws of such State **may not be removed** to any district court of the United States." 28 U.S.C. § 1445 (emphasis added).

---

(S.D. Tex. 1966); *Wilkins v. Renault Southwest, Inc.,* 227 F.Supp. 647 (N.D. Tex. 1964); *Zorilla v. Puerto Rican Cement Co.,* 227 F.Supp. 159 (D.P.R. 1964); *Rolon v. Flexicore Co.,* 216 F.Supp. 954 (D.P.R. 1963); *Dando v. Stonhard Co.,* 93 F.Supp. 270 (W.D. Mo. 1950); *Maloy v. Friedman,* 80 F.Supp. 290 (N.D. Ohio 1948).

[3] We note that there is a split within the district courts of the Eighth Circuit, and one of those cases which held in favor of remand recognized that "the majority of district courts, and the only circuit courts which have addressed the removal issue, have concluded that *Johnson* is no longer a good authority in light of the 1948 amendment to § 1441(a)." *Pauly,* 958 F.Supp. at 439.

15 U.S.C. § 77(v)(a) states, in part, that "**[n]o case** arising under this subchapter and **brought in any State court** of competent jurisdiction **shall be removed to any court of the United States.**"

Both 15 U.S.C. §§ 1719 and 15 U.S.C. § 3612 state, in part, that "**[n]o case** arising under this chapter and **brought in any State court** of competent jurisdiction **shall be removed to any court of the United States**, except where the United States or any officer or employee of the United States in his official capacity is a party."

Because of the long-standing difference among the district courts and the apparent conflict between the Eighth Circuit in *Johnson v. Butler Bros.* and the First Circuit in *Cosme Nieves*, and now with this Circuit, it would appear to be important for either Congress or the United States Supreme Court to resolve this issue and bring uniformity to the federal courts in this regard. Litigants should not be treated with such disparity in our federal system.

AFFIRMED.